Filed 3/5/13  P. v. Oliver CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS EDWARD OLIVER,<br><br>  Defendant and Appellant. | A129031<br><br>(Contra Costa County<br>Super. Ct. No. 05-090477-1) |

A jury found defendant Marcus Edward Oliver (appellant) guilty on multiple counts alleging sexual misconduct against multiple minors, and the trial court sentenced him to 78 years to life in prison.  Appellant raises claims of instructional and sentencing error, and we modify the judgment to strike certain determinate terms improperly imposed by the trial court.  Otherwise, we affirm.

## BACKGROUND[1]

Appellant was charged by information with 16 counts alleging sexual misconduct against 6 different minors.  At trial, the four female victims testified, among other things, that appellant touched their genitals and/or bottoms with his hand, penis, and/or mouth.[2]

---

[1]  Appellant's claims on appeal do not require a thorough description of the complex set of charges against appellant or the extensive evidence adduced at trial.

[2]  Appellant was found not guilty on two counts involving two male victims.

Two of the victims testified that appellant inserted his penis into their vaginas; one of the two testified this happened several times, once involving the use of force.

In March 2010, a jury found appellant guilty as charged on 12 of the counts, guilty of a lesser offense on one count, and not guilty on the remaining three counts. The charges on which the jury found appellant guilty included six counts of commission of a lewd act on a minor (Pen. Code, § 288, subds. (a), (c)(1))[3] (counts 1, 2, 7, 11, 12 & 13); two counts of sexual penetration of a minor (§ 289, subd. (i)) (counts 3 & 4); two counts of assault with intent to commit a lewd act or sexual penetration of a minor (§ 220, subd. (a)) (counts 5 & 6); attempted oral copulation of a minor (§§ 288a, subd. (b)(1), 664) (count 8); and assault with intent to commit rape (§ 220, subd. (a)) (count 10). As to four of the lewd act counts, counts 7, 11, 12 and 13, the jury found true the allegation that appellant committed the offense against more than one victim (§ 667.61, subds. (b), (c) & (e)). On count 14, the jury found appellant guilty of the lesser included offense of battery (§ 242).

In June 2010, the trial court sentenced appellant to 78 years to life in prison. This appeal followed.

DISCUSSION

I. *There Is No Reasonable Likelihood the Jury Misunderstood the Elements of Assault with Intent to Commit Rape*

Appellant contends the trial court's instructions led the jury to believe it could find him guilty of assault with intent to commit rape without proof he assaulted the victim. His claim is without merit.

"It is settled that, even in the absence of a request, a trial court must instruct on general principles of law that are commonly or closely and openly connected to the facts before the court and that are necessary for the jury's understanding of the case. [Citations.]" (*People v. Montoya* (1994) 7 Cal.4th 1027, 1047.) "[I]nstructions are not considered in isolation. Whether instructions are correct and adequate is determined by consideration of the entire charge to the jury. [Citation.]" (*People v. Holt* (1997)

_____

[3]  All undesignated section references are to the Penal Code.

2

15 Cal.4th 619, 677.) In considering a claim of instructional error, the issue is "whether there is a reasonable likelihood that the jury misconstrued or misapplied the" court's instructions. (*People v. Clair* (1992) 2 Cal.4th 629, 663.) We presume the jurors are intelligent and capable of understanding and correlating all the instructions given to them. (*People v. Riley* (2010) 185 Cal.App.4th 754, 767.)

A. *Background*

The trial court instructed the jury on the charges in counts 9 and 10 that appellant had committed assault with intent to commit rape on one of the victims pursuant to CALCRIM No. 890 (defining assault with intent to commit a sex offense) and CALCRIM No. 1000 (defining rape). The court's CALCRIM No. 890 instruction also encompassed the charges in counts 5 and 6 that appellant had committed assault with intent to commit a lewd act or sexual penetration. Specifically, the court's written instruction provided,[4] in part, as follows: "[Appellant] is charged in Counts Five, Six, Nine and Ten with assault with intent to commit [a] lewd act upon a child or sexual penetration of a person under age 16 or assault with intent to commit rape in violation of Penal Code section 220. [¶] To prove that [appellant] is guilty of this crime, the People must prove that: [¶] 1. [Appellant] did an act that by its nature would directly and probably result in the application of force to a person; [¶] 2. [Appellant] did that act willfully; [¶] 3. When [appellant] acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; [¶] 4. When [appellant] acted, he had the present ability to apply force to a person; [¶] AND [¶] 5. When [appellant] acted, he intended to commit a lewd act upon a child or sexual penetration of [a] person under age 16 or assault to commit rape."

The court further instructed the jury with CALCRIM No. 890 that, "[t]o decide whether [appellant] intended to commit [a] lewd act upon a child or sexual penetration of

---

**4** Although there are no material discrepancies between the oral and written instructions, we quote the written instructions, which control in the event of any discrepancy. (*People v. Wilson* (2008) 44 Cal.4th 758, 803.)

3

[a] person under age 16 or assault with intent to commit rape, please refer to the instructions which define those crimes." Subsequently, the court orally instructed the jury using a modified version of CALCRIM No. 1000, in part as follows: "To prove that [appellant] is guilty of assault with the intent to commit rape, the People must prove that [appellant] had attempted to have sexual intercourse with a woman; he and the woman were not married to each other at the time of the intercourse; the woman did not consent to the intercourse; and [appellant] accomplished the intercourse by force, violence, duress, menace or fear of immediate and unlawful bodily injury to the woman or to someone else." The court read other instructions to the jury and adjourned, leaving open the option of giving further instructions the next day.

The next day, the prosecutor told the court the version of CALCRIM No. 1000 read by the court had incorrectly told the jury the prosecution had to prove appellant "attempted" to have sexual intercourse, rather than "intended." When the jury returned, the court stated, "Ladies and gentlemen, I'm going to finish reading several of the instructions this morning. One of them is a correction of an instruction that I read yesterday, and it relates to the definition of assault with intent to commit rape, so I'll read that one first. [¶] The definition of assault with intent to commit rape is as follows: The defendant had intended to have sexual intercourse with a woman; he and the woman were not married to each other at the time of the intercourse; the woman did not consent to the intercourse; and the defendant intended to accomplish the intercourse by force, violence, duress, menace or fear of immediate and unlawful bodily injury to the woman or to someone else."

B. *Analysis*

Appellant contends the trial court's instructions led the jury to believe it could find him guilty of assault with intent to commit rape without proof he assaulted the victim, because the court's version of CALCRIM No. 1000 purported to define "assault with intent to commit rape" and the instruction did not require proof of an assault. We disagree. Although it was misleading that the instruction purported to provide the "*definition* of assault with intent to commit rape" (italics added), CALCRIM No. 890

4

expressly informed the jury that, in order to convict appellant on counts 9 and 10, there had to be proof of an assault—that appellant "did an act that by its nature would directly and probably result in the application of force to a person." CALCRIM No. 890 made it clear the purpose of CALCRIM No. 1000 was merely to define the intent required for the charge of assault with intent to commit rape.

Moreover, the closing arguments of both the prosecutor and defense counsel made clear evidence of an assault was required to support the charge of assault with intent to commit rape. (See *Middleton v. McNeil* (2004) 541 U.S. 433, 438 [prosecutor's argument can clarify ambiguous jury instructions]; *People v. Young* (2005) 34 Cal.4th 1149, 1202 ["The reviewing court also must consider the arguments of counsel in assessing the probable impact of the instruction on the jury."].) During the prosecutor's closing, he first explained the term assault as it related to counts 5 and 6 (assault with intent to commit a lewd act or sexual penetration), using a missed punch as an example of an assault. The prosecutor again referred to the punching example in discussing counts 9 and 10, and the prosecutor argued the evidence showed an assault, stating "[he] did an act that, by its nature, would directly and probably result in the application of force to a person. Well, she described him having sexual intercourse with her. He touched her in a way that put force on her body. Force doesn't have to be hurting or causing injury. It's any kind of touching counts for force. . . . [E]lement 1 has been proved." Notably, the reference to element one was clearly a reference to the first element in CALCRIM No. 890, because the prosecutor then proceeded to discuss the additional elements in the instruction, including willfulness, awareness, present ability, and intent to commit rape. Defense counsel's closing argument, although less explicit in detailing the elements of the offense, argued, with regard to counts 7, 8, 9 and 10, "[t]here's no evidence of assault."

Considering the instructions as whole and in light of the closing arguments of counsel, there is no reasonable likelihood the jury understood the charge of assault with

5

intent to commit rape as requiring only evidence of the intent to commit rape without an actual assault.[5]

II. *Appellant Has Not Shown the Trial Court Misunderstood Its Sentencing Discretion*

The jury found appellant guilty of four counts of committing a lewd act on a child in violation of section 288, subdivision (a)—counts 7, 11, 12, and 13. As to each count, the jury found that appellant committed the offense against more than one victim (§ 667.61). " 'Section 667.61 requires the trial court to impose a life sentence when the defendant is convicted of an enumerated sexual offense and the People plead and prove one or more of the specified aggravating circumstances.' [Citation.]" (*People v. Valdez* (2011) 193 Cal.App.4th 1515, 1521 (*Valdez*).) Under section 667.61, a person convicted of the commission of a lewd act on a child under 14 (§ 288, subd. (a)) against more than one victim must be sentenced to 15 years to life for each conviction. (§ 667.61, subds. (b), (c)(8), (e)(4);[6] *People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262 (*Rodriguez*).) Section 667.61 does not require that multiple 15-year-to-life sentences under the statute be served consecutively; rather, it is within the trial court's discretion to impose consecutive or concurrent terms. (*Valdez*, at p. 1524; *Rodriguez*, at p. 1262.) In the present case, the trial court imposed consecutive terms.

Appellant asserts the trial court was unaware it had discretion to choose concurrent rather than consecutive sentencing on the four section 667.61 sentences. However, the court is presumed to have been aware of and followed the applicable law in making its sentencing choices. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Where the record shows the trial court was unaware of the scope of its discretion, the case generally must be remanded to permit the court to exercise its discretion. (*Rodriguez*, *supra*,

---

[5] We need not and do not address respondent's argument that the claim was forfeited because defense counsel failed to object below.

[6] Former section 667.61, subdivisions (b) and (e)(5), in effect at the time of appellant's sentencing, are substantively identical to current section 667.61, subdivisions (b) and (e)(4). (Compare Prop. 82, § 12, approved Nov. 7, 2006, eff. Nov. 8, 2006, with Stats. 2010, ch. 219, § 16, eff. Sept. 9, 2010.)

130 Cal.App.4th at p. 1263.)  However, "remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion.  Error may not be presumed from a silent record.  [Citation.]"  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229; see also *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 ["[W]e cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of [its] discretion.  [Citation.]"].)[7]

Appellant points to nothing in the record demonstrating that the trial court misunderstood the scope of its discretion.  Appellant does point out that the probation report and defense counsel's sentencing memorandum did not indicate that the court had discretion to impose concurrent sentences.  But the prosecutor's sentencing memorandum and argument *did* make it clear the court had such discretion, because the prosecutor argued the circumstances justified imposition of consecutive sentences.  The prosecutor wrote, "It is clearly required that a life sentence be imposed for counts 7, 11, 12, and 13 since the jury found true the 667.61 enhancements as to those counts.  The only question is whether the court should run those sentences concurrent to the determinate term and to each other. . . .  Given the gravity of [appellant's] crime, and the numerous factors in aggravation, the People believe it is not only proper for the court to impose four life terms, but justice demands that those [15-year-to-life] terms be run consecutive to one another . . . ."  At the sentencing hearing, the prosecutor asked the trial court to run the section 667.61 sentences consecutive to each other and to make findings as to why.

We will not presume from the court's silence at the sentencing hearing that it misunderstood the scope of its discretion.  Appellant's contention fails.[8]

---

[7]  We do not understand appellant to argue that the trial court erred in failing to state reasons for its sentencing choice.  Any such contention has been forfeited.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

[8]  We need not and do not address respondent's argument the claim was forfeited because defense counsel failed to object below.

III. *The Trial Court Erred in Imposing Both Determinate and Indeterminate Sentences*

The trial court sentenced appellant on each of counts 7, 11, 12, and 13 to both an indeterminate term of 15 years to life pursuant to section 667.61 and a determinate term of six years to be served concurrent to the determinate term imposed on the other counts. The parties agree the court erred, because section 667.61 is an alternative sentencing scheme, not an enhancement that is added to a base term. (See *People v. Anderson* (2009) 47 Cal.4th 92, 102; *People v. Acosta* (2002) 29 Cal.4th 105, 118.) We will modify the judgment to strike the determinate terms imposed on counts 7, 11, 12, and 13. As these terms were ordered to be served concurrent to the determinate terms imposed on other counts, appellant's total sentence of 78 years to life will remain unchanged.

## DISPOSITION

The judgment is modified to strike the six-year determinate terms imposed on counts 7, 11, 12, and 13, and, as so modified, the judgment is affirmed. The matter is remanded to the trial court for the limited purpose of correcting the abstract of judgment and forwarding the corrected abstract to the California Department of Corrections and Rehabilitation.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
NEEDHAM, J.

8