[No. E030401. Fourth Dist., Div. Two. June 7, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LOUIS RODRIGUEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication with the exception of parts II and III of Factual and Procedural History, and parts I and II of Analysis.

1258

**COUNSEL**

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WARD, J.**—In 2001 an amended information charged defendant and appellant Jose Louis Rodriguez (defendant) with four counts of lewd and lascivious conduct upon a child under the age of 14 in violation of Penal Code[1] section 288, subdivision (a). Counts 1 and 2 alleged the victim to be defendant's daughter, C., and counts 3 and 4 alleged the victim to be defendant's daughter, I. It was further alleged that the lewd acts in counts 1 through 4 involved substantial sexual conduct on a victim under the age of 14, and were committed on more than one victim at the same time and in the same course of conduct within the meaning of sections 1203.066, subdivisions (a)(7) and (a)(8), and 667.61, subdivision (b).

A jury found defendant guilty of all four counts as charged and found true the special allegations. The trial court sentenced defendant to state prison for a total indeterminate term of 60 years to life.

In January 2003 we issued an opinion affirming the conviction. Defendant filed a petition for review with the California Supreme Court. The Supreme Court denied the petition on March 24, 2003; that same day, we issued a remittitur. However, on July 5, 2004, we granted defendant's motion to recall the remittitur based on appellate counsel's failure to raise a sentencing error. Thereafter, we vacated the 2003 opinion. We ordered the case to be rebriefed.

After rebriefing, the case is again before us for decision. This time, defendant raises a single contention—that the trial court erred in concluding

---

[1] All statutory references are to the Penal Code unless otherwise specified.

that it did not have the discretion to impose concurrent 15-year-to-life terms on counts 2, 3, and 4 under the one strike provisions of section 667.61. The People concede this issue.

In the unpublished portion of this opinion, we will discuss the issues set forth in the original appeal and shall affirm the judgment. In the published portion of this opinion, we will discuss the single issue regarding section 667.61; we shall remand this case for resentencing to allow the trial court to exercise its discretion and determine whether consecutive or concurrent sentences should be imposed for counts 2, 3, and 4.

## FACTUAL AND PROCEDURAL HISTORY

### I.   Summary

Defendant, who was 36 years old at the time of trial, was charged with four counts of molesting his two daughters, C. (age 10) and I. (age 8). The acts, which occurred between May of 1999 and December of 1999, consisted of oral copulation, and penile and digital penetration.

Both defendant and the mother of the two children (mother) are blind.

### II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV.   Sentencing Hearing

At the sentencing hearing, defense counsel argued that although the trial court was mandated to impose a sentence of 15 years to life on each of the four convictions, the trial court had the discretion to order concurrent sentences. The prosecution, however, argued that (1) at least two of the sentences had to be consecutive, one for each named victim; and (2) the court could impose concurrent sentences only if the offenses were committed on the same occasion—the prosecution took the position that the offenses were committed on separate occasions.

The trial court adopted the prosecution's interpretation of the law and made the finding that it had no discretion in the matter. The court, therefore, found that it had to impose consecutive sentences on all four counts—15 years to life for each conviction for a total sentence of 60 years to life. The court stated: "[S]o I will make the finding that, to reserve it for appeal, the court

---

*See footnote, *ante*, page 1257.

feels it does not have the ability to exercise its discretion in sentencing under these circumstances concurrently as to terms 2, 3, and 4 . . . ."

When defense counsel sought clarification, the trial court repeated that it had no discretion but to impose consecutive sentences on all four counts. Thereafter, the trial court imposed consecutive sentences on all four counts.

ANALYSIS

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.  *The Trial Court Erred When It Stated That It Had No Discretion to Consider Concurrent Sentences Under Section 667.61*

Defendant contends that the trial court erred when it stated that it had no discretion to impose concurrent 15-year-to-life terms under section 667.61 for counts 2, 3, and 4 (violation of section 288, subdivision (a)). "Reluctantly, [the People] agree[]."

■   Section 288, subdivision (a) has long provided that nonforcible lewd act offenses shall be punished by terms of three, six, or eight years. (*People v. Hammer* (2003) 30 Cal.4th 756, 765 [134 Cal.Rptr.2d 590, 69 P.3d 436].) In 1994, however, the Legislature enacted section 667.61—otherwise known as the one strike law.   ■   Section 667.61 provides for indeterminate terms of either 15 years to life or 25 years to life for section 288, subdivision (a) and certain other sex offenses *if* certain circumstances apply, regardless of whether the defendant has prior convictions. (Stats. 1993–1994, 1st Ex. Sess., ch. 14, § 1, p. 8570; *People v. Wutzke* (2002) 28 Cal.4th 923, 929–930 [123 Cal.Rptr.2d 447, 51 P.3d 310].)

Section 667.61, as relevant to this case, states:

"(b) Except as provided in subdivision (a), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j).

"(c) This section shall apply to any of the following offenses: [¶] . . . [¶] (7) A violation of subdivision (a) of Section 288 . . . . [¶] . . . [¶]

---

* See footnote, *ante*, page 1257.

"(e) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] . . . [¶] (5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim. [¶] . . . [¶]

"(g) The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable."

■ As the People point out, although the statutory language of section 667.61, subdivision (b), mandates the imposition of 15 years to life for *each* count involving separate occasions and separate victims, section 667.61 does *not* mandate that those terms must be served consecutively. (See § 667.61, subd. (g); *People v. Murphy* (1998) 65 Cal.App.4th 35, 39, 43 [76 Cal.Rptr.2d 130].) ■ Absent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions.

Section 669 provides: "When any person is convicted of two or more crimes . . . , the second . . . judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively. Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another . . . . [¶] . . . Upon the failure of the court to determine how the terms of imprisonment on the second . . . judgment shall run, the term of imprisonment on the second . . . judgment shall run concurrently."

■ In exercising its discretion whether to impose concurrent or consecutive terms, a trial court should consider the factors set forth in California Rules of Court, rule 4.425, which provides:

"Criteria affecting the decision to impose consecutive rather than concurrent sentences include:

"(a) . . . Facts relating to the crimes, including whether or not:

"(1) The crimes and their objectives were predominantly independent of each other.

"(2) The crimes involved separate acts of violence or threats of violence.

"(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.

"(b) . . . Any circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences, except (i) a fact used to impose the upper term, (ii) a fact used to otherwise enhance the defendant's prison sentence, and (iii) a fact that is an element of the crime shall not be used to impose consecutive sentences."

█ In this case, the trial court mistakenly believed that it had no discretion to impose concurrent sentences under the one strike law. Therefore, the case should be remanded to allow the trial court to exercise its discretion in determining whether the sentence on counts 2, 3, and 4 should be served concurrently or consecutively to the sentence on count 1.

## DISPOSITION

The judgment of conviction is affirmed but the judgment is reversed as to defendant's sentence. The sentence is vacated and the case remanded for resentencing.

Ramirez, P. J., and Richli, J., concurred.

A petition for a rehearing was denied July 6, 2005, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 7, 2005.