Filed 12/6/13  P. v. Cross CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>WILLIAM JOE CROSS,<br><br>  Defendant and Appellant. | F066200<br><br>(Tulare Super. Ct. No. VCF261501)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*  Before Kane, Acting P.J., Franson, J. and Peña, J.

**INTRODUCTION**

On April 25, 2012, an information was filed alleging that appellant, William Joe Cross, committed four counts of lewd and lascivious acts on a child under the age of 14 years (Pen. Code, § 288 subd. (a), counts 1 through 4),[1] had contact with a minor with the intent to commit a sexual offense (§ 288.3, subd. (a), count 5), sent harmful matter with the intent of seducing a minor (§ 288.2, subd. (a), count 6), and committed first degree burglary (§ 459, count 7).  Counts 1 through 4 had special allegations that the lewd acts were committed during a burglary (§ 667.61, subds. (a), (b) & (d)).  Counts 1, 3 and 4 had special allegations that appellant had substantial sexual conduct with the victim who was under 14 years old (§ 1203.066, subd. (a)(8)).  The trial court granted appellant's motion to dismiss count 7 pursuant to section 995.

On August 28, 2012, appellant entered into a plea agreement in which the court gave an indicated lid sentence of 14 years in exchange for appellant's admission of counts 1 through 6.  The parties agreed the preliminary hearing transcript constituted the factual basis for the plea.  The court advised appellant of the consequences of his plea and his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.  Appellant waived his constitutional rights and pled no contest to counts 1 through 6.  Appellant also admitted the special allegation that he had substantial sexual contact with a minor as alleged in counts 1, 3 and 4.

On November 16, 2012, the court sentenced appellant to prison for six years on count 1, and to consecutive sentences of two years on each of counts 2, 3, and 4.  The court sentenced appellant to concurrent sentences on counts 5 and 6.  Appellant's total prison term is 12 years.  The court awarded 331 days of custody credits, 58 days of conduct credits, and total custody credits of 389 days.  The court also imposed a restitution fine of $5,000, and various other fines and fees.  Appellant contends the trial

---

[1]    Unless otherwise indicated, all statutory references are to the Penal Code.

court abused its sentencing discretion when it imposed consecutive sentences on counts 2 through 4. We disagree and affirm the judgment.

## FACTS

### *Preliminary Hearing Testimony*

On December 19, 2011, Detective Bobby Saldana of the Tulare County Sheriff's Department contacted N.G., who told Saldana she was 13 years old. N.G. knew appellant who had dated her older sister, Amanda G. N.G.'s relationship with appellant included texting and talking. N.G.'s relationship with appellant later became sexual. One evening, appellant was texting N.G. and she informed him she was home alone. Appellant went to N.G.'s residence, removed N.G.'s clothing, performed oral copulation, penetrated her vagina with his fingers, and placed his mouth on N.G.'s breast. The two then had sexual intercourse for approximately 10 minutes. The sexual activity occurred in N.G.'s bedroom at about 9 p.m.

N.G. admitted that she sent at least one photograph of her breast to appellant at his request. She also received a photograph of appellant's penis on her phone. Saldana questioned appellant, who admitted that he had sexual intercourse with the victim, used a condom, and flushed it down the toilet. Appellant admitted sending N.G. a photograph of his penis, but denied performing any other sexual acts.

### *Probation Officer's Report*

The probation officer's report noted that on December 2, 2011, N.G. attempted suicide by taking an overdose of pills. N.G. stated she did this because her grandfather had passed away and her grandmother was not spending enough time with her. On December 4, 2011, Amanda found text messages from appellant on N.G.'s phone, asking N.G. about having oral sex and intercourse. A photograph of appellant's genitals was also found, attached to a text from appellant, on N.G.'s phone. Appellant asked N.G. about meeting each other and referred to a previous meeting between the two near the

victim's home. These messages were sent to N.G. before she attempted to commit suicide. Appellant was aware of N.G.'s attempted suicide.

Appellant had no previous criminal record. Appellant's test results from the STATIC-99R examination indicated that appellant was in the low-moderate risk category for committing a new sexual offense. Concerning sentencing factors related to the crime, the probation officer noted, inter alia, that the crime inflicted physical and emotional injury on the victim (Cal. Rules of Court, rule 4.414(a)(4)), appellant was an active participant (rule 4.414(a)(6)), the manner in which the crime was carried out demonstrated planning and criminal sophistication or professionalism (rule 4.414(a)(8)), and appellant took advantage of a position of trust or confidence to commit the offense (rule 4.414(a)(9)).

The probation officer noted that appellant had substantial ties to the community and a satisfactory employment history (Cal. Rules of Court, rule 4.414(b)(4)), the likely effect of appellant's imprisonment on his dependents is substantial (rule 4.414(b)(5)), there is a likelihood that if not imprisoned the appellant would be a danger to others (rule 4.414(b)(8)), appellant had no prior criminal record (rule 4.423(b)(1)), and appellant acknowledged wrongdoing prior to his arrest (rule 4.423(b)(3)). The probation officer recommended a prison term of eight years on count 1, and consecutive terms of two years on each of counts 2 through 4, for a total prison sentence of 14 years.

***Psychological Report***

Defense counsel attached the psychological evaluation of Dr. Thomas Middleton to a statement in mitigation prepared for the sentencing hearing. Appellant told Dr. Middleton that he met the victim while dating her sister, Amanda. Appellant stopped dating Amanda when Amanda's boyfriend was released from prison. Appellant described the victim as troubled. Appellant knew the victim had periods of past depression and had cut her wrists. Appellant was aware that N.G. had tried to overdose

4

with pills. Appellant sent text messages to N.G. in which they discussed Amanda's activities, as well as their own relationship.

Appellant told Dr. Middleton that he went to N.G.'s residence, used a quantity of cocaine that he described as "'one big line,'" and then went to see N.G. Appellant stayed in the residence for about an hour until N.G.'s grandmother arrived and he left without incident. Amanda later found N.G.'s phone and found the text messages to N.G. from appellant. N.G.'s grandmother called the police. Since the incident, appellant has been unable to sleep regularly, lost weight, and felt sick.

Dr. Middleton believed that appellant had a history of learning problems that impaired his executive functions, and his use of cocaine further interfered with appellant's judgment and reasoning. Appellant denied prior sexual contact with the victim, as well as having persistent sexual thoughts about underage girls. Dr. Middleton diagnosed appellant with major depression, attention deficit-hyperactivity disorder, learning disorder not otherwise specified, cannabis dependence, cocaine abuse, borderline intellectual functioning, and dependent personality disorder. Dr. Middleton concluded that appellant did not qualify for a diagnosis of pedophilia and did not appear to be predatory. Dr. Middleton did not believe it would be appropriate to refer appellant for sex offender treatment.

### Sentencing Hearing

The trial court agreed with argument by defense counsel that the appellant's offenses did not involve great violence and the victim was not particularly vulnerable because every victim of N.G.'s age had some vulnerability. Defense counsel argued that appellant's offenses did not involve any sophistication. The court also agreed with this point, but noted that appellant's offenses did show planning. Defense counsel also argued appellant had a medical condition that reduced his culpability according to Dr. Middleton's report and that appellant admitted culpability at an early stage in the proceedings. The court found the latter point to be a mitigating factor.

The trial court made further findings that appellant was an active participant in the crime, the crime involved planning by the appellant, and that appellant took advantage of the victim's trust. The court again noted that appellant admitted culpability at an early stage of the proceedings. The court found the effect of imprisonment would have substantial consequences on appellant's wife and children. The court denied parole and sentenced appellant to 12 years in prison as set forth above.

## DISCUSSION

Appellant contends the trial court abused its discretion by imposing consecutive terms of imprisonment on counts 1, 2, 3 and 4. Appellant argues the court erred in relying on planning and taking advantage of a position of trust as aggravating factors, and the factors in mitigation "overwhelmingly favored concurrent sentences on counts 2, 3, and 4." We disagree.

Penal Code section 669 grants the trial court discretion to impose consecutive sentences when a person is convicted of two or more crimes. (*People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262-1263.) Only a single aggravating circumstances is required to impose consecutive sentences. A trial court has discretion to impose consecutive sentences where, multiple crimes have been perpetrated on the same victim. (*People v. Osband* (1996) 13 Cal.4th 622, 653-655, 728-729 [victim raped and murdered]; also see *People v. Leon* (2010) 181 Cal.App.4th 452, 467-469 [one criminal act against multiple victims].)

A trial court is generally required to state reasons for denying probation and imposing a prison sentence. Unless the record shows otherwise, the trial court is deemed to have considered all relevant criteria in making its discretionary sentencing choices. In determining whether the trial court abused its discretion in making a sentencing choice, we consider whether there is substantial evidence to support a finding that a particular sentencing factor was applicable. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313.)

6

The trial court properly relied on the factor that appellant planned the offense, even though the court also found this planning was not sophisticated. Appellant had known the victim for some time. Appellant developed a friendship with the victim, texted the victim prior to arriving to her residence, and went to the victim's residence knowing there were no other adults present.

The trial court also properly relied upon the fact that appellant took advantage of a position of trust when he decided to perform multiple sex acts on the victim. Appellant's texting relationship with the victim included trading of information about both the victim and her older sister. Also, appellant admitted to Dr. Middleton that he was aware that the victim was troubled prior to committing the instant offenses. Appellant knew the victim was emotionally vulnerable and proceeded to take advantage of a position of trust to engage in sexual acts with her.

Here, the trial court stated its reasons for its sentencing choices. In doing so, it found some factors applicable and disregarded or found others inapplicable. The court was clearly aware of both the aggravating and mitigating sentencing factors in appellant's case. Where the court has affirmatively demonstrated knowledge of the applicable law and has weighed the evidence in the record and the various sentencing factors to deny probation and to fashion a sentence, we cannot say that the court has abused its discretion in deciding to impose consecutive sentences. (See *People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1530.)

The court was clearly aware of the mitigating factors in this case, but gave them less weight than the aggravating factors it relied upon. Appellant seeks to have this court reweigh the mitigating and aggravating factors used by the trial court. We cannot do so and view the trial court's sentencing scheme under the abuse of discretion standard of review. (*People v. Bradford* (1976) 17 Cal.3d 8, 20.) Appellant further argues that counts 1 through 4 occurred only during a single sexual encounter. The law is clear, however, that separate and distinct sexual acts can be sentenced consecutively even if

7

they all occurred during a single sexual encounter.  (*People v. Senior* (1992) 3 Cal.App.4th 765, 780; *People v. Reeder* (1984) 152 Cal.App.3d 900, 914-915.)  We conclude that the trial court was well aware of its sentencing discretion, applied the appropriate legal principles and sentencing factors, and did not abuse its discretion in doing so.

## DISPOSITION

The judgment is affirmed.