Filed 12/10/13  P. v. Romero CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ENRIQUE MURO ROMERO,<br><br>        Defendant and Appellant. | E057660<br><br>(Super.Ct.Nos. RIF1204513 &<br>RIF1205245)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed in part, reversed in part; remanded with directions.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Michael T. Murphy and James D. Dutton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following a jury trial, defendant Enrique Muro Romero was convicted of one count of aggravated sexual assault of a child under the age of 14 (Pen. Code,[1] § 269, subd. (a)(4); count 1) and three counts of lewd or lascivious acts against a child under the age of 14 (§ 288, subd. (a); counts 2, 3 & 4).  The jury further found true the allegation that defendant committed two or more violations of section 288, subdivision (a), against more than one victim, within the meaning of the One Strike law (§ 667.61, subd. (e)(5).)  Defendant was sentenced to 15 years to life on each of the four counts, for an aggregate term of 60 years to life.  On appeal, he challenges his sentence and seeks correction of the abstract of judgment.

## I.  FACTS

Because defendant's contentions solely concern his sentence and award of custody credits, we provide an abbreviated statement of facts.  In 2005, defendant sexually assaulted Jane Doe 3, his seven-year-old daughter, on five separate occasions when he put his penis inside her vagina.  That same year, he committed lewd or lascivious acts upon Jane Doe 4, the six-year-old daughter of friends, in a pool.  Separately, in 2011 defendant committed lewd or lascivious acts on both Jane Doe 2 and her friend, Jane Doe 1, when he was playing "hide and go seek" with them in Doe 2's backyard.

## II.  CONSECUTIVE SENTENCES ON COUNTS 2, 3, AND 4

Defendant received three consecutive sentences of 15 years to life for his section 288, subdivision (a), offenses (counts 2, 3, and 4) under the One Strike law alternate

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

sentencing scheme.  (§ 667.61.)  He contends, and the People concede, that the trial court incorrectly thought it had no discretion to impose concurrent sentences; however, the People contend that remand is not necessary because (1) defendant has forfeited the issue, (*People v. Scott* (1994) 9 Cal.4th 331, 353) and (2) "the record is clear that the trial court would have imposed consecutive sentences even if it had known that it had the discretion to impose concurrent sentences."  We do not accept the forfeiture claim, because it appears that defendant's counsel was equally ignorant of the court's discretion.  At sentencing, defense counsel was asked if he or his client wished to address the court.  In response, counsel stated, "I don't think the Court has any discretion, since we have four different victims.  By law, the Court has to impose the sentence he's going to impose so I have no comment."  Thus, we turn to the People's second contention.

According to the People, the trial court's following statement indicates that it would have imposed consecutive sentences even if it had known that it had discretion to impose concurrent sentences:  "The factors that the Court took into consideration in imposing the sentence were addressed but the sentences are mandatory.  But this crime, series of crimes against four different victims involved . . . great violence, great bodily injury, threat of great bodily injury, and acts disclosing a very high degree of callousness. The manner in which the crimes were carried out definitely indicated planning and sophistication and the defendant absolutely took advantage of a position of trust and confidence, particularly with what he did against his own daughter.  [¶]  The factors in

3

mitigation:  That he had no significant prior criminal history, and that he had prior satisfactory performance on probation."

However, we find this language fails to enable us to determine whether the court understood it had discretion under the One Strike law to impose a *concurrent,* rather than a consecutive, 15-year-to-life sentence for each of the three section 288, subdivision (a) convictions, and, if it did, whether it exercised that discretion.  The probation report omitted any reference to the One Strike law (§ 667.61) in its sentencing recommendation.  Thus, it did not address the fact that the court had discretion to impose concurrent indeterminate sentences under that sentencing scheme.  As to counts 2 through 4, inclusive, the probation report recommended that defendant be sentenced to a consecutive upper determinate term of eight years for count 2, and for each count 3 and count 4, consecutive determinate terms of two years, for a total of four years.  Neither the People nor defendant submitted any sentencing memoranda.  As previously noted, defense counsel apparently believed that the court had no discretion.

The court sentenced defendant as follows:

"The defendant was convicted of four different counts with an enhancement. Count 1 was a violation of Penal Code Section 269(a)(4).  Count 2 was a violation of [section] 288(a).  Count 3 was a violation of [section] 288(a).  Count 4 was a violation of [section] 288(a).  And the special enhancement violation of Penal Code Section 667.61(e)(5) was found to be true.

4

"Therefore, the sentence as to Count 1, which the Court will deem to be the princip[al] count, is 15 years to life. A strike offense.

"As to Count 2, the sentence is a mandatory, pursuant to Penal Code Section 667.61(g), 15 years to life to run consecutively to Count 1.

"As to Count 3, the sentence is again pursuant to Penal Code Section 667.61(g), a mandatory full and consecutive 15 to life sentence, to run consecutive to Counts 1 and 2.

"And as to Count 4, again, pursuant to Penal Code Section 667.61(g), a mandatory full and consecutive 15 years to life.

"Therefore, the aggregate sentence is 60 years to life in state prison.

"Just to let the record be clear, the defendant is statutorily ineligible for probation. It was not even considered. . . ."

The record shows the trial court imposed consecutive sentences under the misapprehension that the One Strike law (§ 667.61) mandated full, consecutive sentencing. However, the One Strike law does not explicitly mandate either consecutive or concurrent sentencing, leaving that decision to the trial court's discretion. (*People v. Rodiguez* (2005) 130 Cal.App.4th 1257, 1262 [Fourth Dist., Div. Two] (*Rodriquez*).) In *Rodriguez,* this court explained that section 669 sets forth the general rule that sentencing courts have discretion to impose consecutive or concurrent sentences; however, it noted the presumption in favor of discretion applies "[a]bsent an express statutory provision to the contrary . . . ." (*Rodriquez, supra*, at p. 1262.)

As both parties agree, the trial court retained discretion to impose either consecutive or concurrent terms. (*Rodriguez, supra*, 130 Cal.App.4th at pp. 1262-1263.) If a court is unaware of its sentencing discretion, the matter must be remanded except where remand would be "an idle and unnecessary, if not pointless, judicial exercise." (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889; see also *People v. Deloza* (1998) 18 Cal.4th 585, 599-600.) Here, the trial court imposed consecutive sentences under the misapprehension that the One Strike law (§ 667.61) mandated consecutive sentencing. Since there is no indication in this record that remand would be an idle act, we must reverse this portion of the sentence and remand the matter to the trial court for resentencing solely on the issue of whether, in the exercise of the court's discretion, defendant must serve those three indeterminate terms concurrently or consecutively. (See *People v. Coelho*, *supra*, p. 889; *Rodriguez, supra*, at p. 1262.)

## III.  CUSTODY CREDITS AND ERRORS IN THE ABSTRACT OF JUDGMENT

Defendant contends, and the People concede, that he was entitled to presentence custody credits of 371 days and that the abstract of judgment should be corrected to accurately reflect this award of the credits, and that counts 3 and 4 were committed in 2011, not 2005.

### A.  Custody Credits

At sentencing, the trial court imposed sentence but failed to calculate defendant's presentence custody credits. The court minutes correctly ordered 323 actual days for time served, plus 48 days of good custody credits, for a total of 371 days. The abstract of

6

judgment incorrectly notes the total credits were 37 days. According to the probation report, defendant was arrested on January 13, 2012, and he was sentenced on November 30, 2012, which results in 323 actual days and 48 good conduct days under section 2933.1,[2] for a total of 371 days. The trial court erred in failing to award presentence custody credits to defendant. Because the case is being remanded for resentencing on counts 2, 3, and 4, we also order the court to remedy its error. Likewise, we direct the clerk to correct the abstract of judgment.

## B. The Year Counts 3 and 4 were Committed

Finally, the abstract of judgment stated that counts 3 and 4 were committed in 2005. However, these two counts were actually committed in 2011. It is evident that the superior court clerk inadvertently erred in recording the year in which counts 3 and 4 were committed. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.) Accordingly, we direct the clerk to correct the abstract of judgment.

---

[2] When a defendant is sentenced to an indeterminate term for a violent felony (§ 667.5), he or she is entitled to presentence custody credits for actual time served plus good conduct credits under section 2933.1, of no more than 15 percent of the actual days. (*People v. Duff* (2010) 50 Cal.4th 787, 793-794; §§ 2900.5, subd. (d), 2933.1, subds. (a) & (c), 4019.)

## IV.  DISPOSITION

The imposed sentence on counts 2, 3 and 4 is reversed and the matter is remanded. The trial court is directed to conduct a new sentencing hearing, where it may exercise its discretion in selecting between consecutive and concurrent sentences on counts 2, 3, and 4, and include an award custody credits.  An amended abstract of judgment should reflect custody credits of 371 days and correctly state that counts 3 and 4 were committed in 2011.  The amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

KING
J.

8