Filed 12/11/13  P. v. Aguilar CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE LUIS AGUILAR,<br><br>　Defendant and Appellant. | G047777<br><br>(Super. Ct. No. 09WF1126)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Carla M. Singer, Judge.  Affirmed as modified and remanded for re-sentencing.

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Jose Luis Aguilar of six counts of committing lewd acts upon three children under age 14. (Pen. Code, § 288, subd. (a); all further statutory references are to this code.) As to all of the counts, the jury found that the offenses were committed against more than one victim. The jury also found that as to four of the counts, defendant had engaged in substantial sexual contact. The court subsequently found defendant had suffered a prior qualifying conviction under section 1203.066, subdivision (a)(5), he was a habitual sex offender (§ 667.61), he had suffered a prior serious felony conviction, and that the present offense was also a serious felony (§ 667, subd. (a)(1). The court sentenced defendant to six consecutive terms of 50 years to life, plus 5 additional years for the prior serious felony conviction.

In his appeal, defendant raises several claims. First, he contends the court erred in imposing double terms under section 667, subdivisions (d) and (e)(1), on counts 3, 5, 7, and 8, because the "prior" convictions did not, in fact, precede these crimes. The Attorney General agrees that this contention is correct. We likewise agree and will order the court to re-sentence defendant accordingly.

Second, defendant argues the court improperly sentenced him to 25 years-to-life terms (doubled by the court to 50 years to life) under section 667.61, subdivisions (a) and (d)(1) on counts 3, 5, 7, and 8. We agree that this section does not apply because when the conduct, which is the subject of these counts, took place defendant had not "been previously convicted." (§ 667.61, subd. (d)(1).) Nevertheless, the sentence was proper because it was not only authorized, but mandated under section 667.61, subdivision (j)(2).

Third, defendant claims that, by imposing six consecutive terms, the court erred in believing consecutive sentencing was mandatory under section 667.61, subdivision (i). The court properly imposed consecutive sentences, not under this section, but because it found the acts for which defendant was convicted were separate acts.

2

Finally, defendant urges the court abused its discretion in refusing to strike his prior convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. We reject this contention; the trial court properly exercised its discretion in not striking the prior convictions.

In his opening brief, defendant also contended that his conviction on two charges (counts 3 and 5) must be vacated because his prosecution for these crimes was time barred. The Attorney General sought to uphold the convictions on these counts under section 803, subdivision (f). We asked the parties to brief the effect of section 801.1 on the timeliness of the prosecution for these charges. Defendant now concedes section 801.1 is controlling. Based on this concession, we affirm defendant's convictions on counts 3 and 5.

FACTS

Three sisters, J.C., Y.A., and R.A. and their mother E.S. lived with defendant and his family during two periods. The first time was after the family arrived from Mexico in 2001, when E.S. was pregnant with J.C. At that time Y.A. was in third grade and R.A. was in kindergarten. In 2009 the second stay with defendant was for about a month. After the second stay, when E.S. and her daughters lived across the street from defendant, J.C. was asked to get some water from defendant's house. She declined, stating she was afraid of defendant. She then told R.A. that defendant had been sticking his hands down her "private front part." R.A. told their mother, who in turn called the police. At the trial all three sisters testified to having been molested by defendant, Y.A. and R.A. during the 2001 stay with defendant and J.C. during the second stay in 2009.

DISCUSSION

1. *The convictions based on the crimes against Y.A. and R.A (counts 3, 5, 7, and 8)*
*preceded defendant's other conviction for lewd conduct; hence the other conviction*
*should not have been used as a "prior."*

The court doubled the term for the convictions on counts 3, 5, 7, and 8 under section 667, subdivisions (d) and (e)(1). These counts were based upon conduct that occurred in 2001 and 2002. The "prior" crime, to which defendant had pleaded guilty, consisted of a lewd act against a six-year-old child (§ 288, subd. (b)) that had taken place in 2003. Because that offense did not precede the conduct providing the basis for counts 3, 5, 7, and 8, the doubling of the sentence on these counts was error. The Attorney General concedes this and we remand the case for the court to reduce the terms on counts 3, 5, 7, and 8 from 50 years to life to 25 years to life.

2. *The imposition of a sentence of 25 years to life on counts 3, 5, 7, and 8 was mandated*
*under section 667.61, subdivision (j)(2).*

Defendant argues that section 667.61, subdivisions (a) and (d)(1) does not apply to counts 3, 5, 7, and 8, because, as noted above, the conduct providing the basis for the conviction on these counts occurred before the 2003 conviction for lewd act on a child. We agree. But this does not make the sentence erroneous. In fact, a lesser sentence would have constituted an unlawful sentence.

Section 667.61, subdivision (j)(2) provides "[a]ny person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." Defendant's conviction on counts 3, 5, 7, and 8 were under section 288, subdivision (a). This crime is listed in section 667.61, subdivision (c)(8). The circumstances specified in section 667.61, subdivision

4

(e)(4) also apply because defendant committed this offense against more than one victim. The jury found that the crimes were committed against more than one victim. Hence the 25 years-to-life sentence was mandated under section 667.61, subdivision (j)(2).

Defendant argues that the court erroneously based the sentence on section 667.61, subdivision (a). Even if this were true, such an error would not require us to reverse the sentence imposed on this ground. The sentence is mandated and the jury made the required finding, thus satisfying the requirements of *Apprendi v. New Jersey* (2000) 530 U.S. 466, 483. Thus, the court would have no choice but to impose the same sentence.

*3. Consecutive sentences were properly imposed.*

The prosecution argued the court was required to impose consecutive sentences under section 667.61, subsection (i). The Attorney General concedes that this provision does not apply. Defendant argues because of this error by the prosecutor, the court erroneously sentenced him to consecutive sentences. But the record does not support this claim. Before sentencing, the court stated "it is my intention today to sentence you in accordance with the law." The court made this statement without reference to any specific statute. We must therefore inquire whether the sentence is authorized separately from section 667.61, subsection (i). And it is.

As the Attorney General points out, citing *People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262-1263, the court has discretion to order consecutive sentences when the crimes involve separate crimes or separate victims. And, at sentencing, the court stated "the acts of which [defendant] was convicted in this case were separate acts. There were three separate victims, multiple acts with respect to each victim. Each charge of which he stands convicted was a separate crime. And, consequently, the court will be imposing consecutive sentences."

5

*4. The court did not abuse its discretion in refusing to strike defendant's prior conviction.*

In explaining her refusal to strike the prior conviction, the court stated, "I considered the *Romero* [*People v. Romero, supra,* 13 Cal.4th 497] circumstances and whether or not it would be appropriate to strike the strike. Because the strike is identical to the classification of crime that was committed in the case on which the defendant was sentenced last week, I referred to the factors under *Romero* . . . and came to the conclusion that the strike should not be stricken. The defendant's background and character and the information contained in both probation reports from both cases suggest that he is a known sexual predator in the community. The conviction in the earlier case was sometime in 2003, I believe. And the charges that we addressed in this case arose in between which is not a significant period of time. It does not appear that the defendant has prospects for a crime-free life." Defendant focuses on the court's statement "the charges that we addressed in this case arose in between" and concludes not only that the court was mistaken in thinking the earlier conviction preceded all of the charges involved in the present case, but also that this must be why the court refused to exercise its discretion in striking the prior conviction. We believe defendant reads too much into this phrase.

Although the phrase was less than elegant, it appears the court misspoke and meant the prior conviction was sandwiched between the charges involving Y.A. and R.A and the charges involving J.C. More significantly, the court based its decision on defendant's course of conduct sexually abusing many little girls over a substantial period of time. It would appear that the exact sequence in which these molestations took place would have little relevance on the question of whether the court should strike defendant's prior conviction.

And, considering the circumstances of this case, the number of little girls involved here, together with the 2003 abuse, it hardly appears the court abused its discretion in refusing to strike the prior conviction.

"While the trial court has the power to dismiss a strike conviction [citation], an appellate court will not disturb the trial court's ruling denying defendant's request to dismiss his strike conviction absent an affirmative showing of an abuse of discretion. [Citation.]" (*People v. Uecker* (2009) 172 Cal.App.4th 583, 599.)  Here, defendant's only argument is based on the premise that the trial court was mistaken as to the sequence in which defendant's many molestations took place.  But it was not the sequence of these events; it was the number of them and defendant's persistence in continuing in this conduct over time.  Even if the court was mistaken as to the exact sequence, this would hardly constitute an abuse of discretion.

As our Supreme Court explained in *People v. Williams* (1998) 17 Cal.4th 148, "no weight whatsoever may be given to factors extrinsic to the ["Three Strikes"] scheme" and "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id*. at p. 161.)  Based on the facts presented in this case, and considering defendant's 2003 conviction for similar conduct, we can hardly conclude he "should be treated as though he had not previously been convicted." (*Ibid*.)

7

DISPOSITION

The superior court is directed to strike the sentences on counts 3, 5, 7, and 8, impose new prison terms in accordance with this opinion, and send a revised abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                        RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.