Filed 4/14/21  P. v. Stein CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES ROY STEIN,<br><br>    Defendant and Appellant. | E074069<br><br>(Super.Ct.No. RIF1803594)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge. Affirmed in part, reversed in part, and remanded for resentencing.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

### A.     PROCEDURAL HISTORY

On July 2, 2019, an amended information charged defendant and appellant James Roy Stein with making criminal threats under Penal Code[1] section 422 (counts 1, 2, 3), and dissuading a witness under section 136.1 (counts 4 and 5).  As to counts 4 and 5, the information also alleged "that the defendant committed the above offense knowingly and maliciously by means of force and by an express or implied threat of force and violence, in furtherance of a conspiracy, having been convicted of a similar offense previously, and for a pecuniary gain, upon a witness or victim, within the meaning of PC 136.1, subdivision (c)(1)."  Moreover, the information alleged five enhancements for prior prison terms under former section 667.5, subdivision (b).

According to the information, count 3 occurred on or about August 6, 2018, and counts 1, 2, 4 and 5 occurred on or about August 7, 2018.  The alleged victim in counts 1, 3, 4 and 5 was Y.S. (Jane Doe), and the alleged victim in count 2 was G.S. (John Doe).

On July 3, 2019, a jury found defendant guilty of counts 1, 2, 4 and 5, and found the special allegations as to counts 4 and 5 true.  The jury found defendant not guilty of count 3 and the lesser included offense.  Defendant admitted the alleged prior prison term enhancements, which the trial court subsequently dismissed because of a change in the law.  The court told defendant that there were five prison priors "that were found true by this Court that I can no longer impose due to a change in the law.  So you're not going to

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

be getting any time for those." After allowing defendant to withdraw his admission to the prison priors, the court dismissed them.

On November 1, 2019, the trial court sentenced defendant to a total of seven years four months in prison. The court selected count 4 as the principal, and imposed the midterm of three years. On count 5, the court imposed a full-term consecutive sentence, again selecting the midterm of three years. On counts 1 and 2, the court imposed consecutive terms of eight months. The court imposed full consecutive midterm prison sentences on counts 4 and 5 because they "are mandatory consec."

On November 8, 2019, defendant filed a timely notice of appeal in propria persona. On November 19, 2019, defense counsel filed another notice of appeal on defendant's behalf.

On appeal, defendant contends that the trial court erred in imposing consecutive terms because it erroneously believed that it was mandated to impose consecutive terms under section 1170.15. For the reasons set fort below, we agree with defendant and remand this case for resentencing.

B.     FACTUAL HISTORY

In August 2018, defendant lived with his parents, Jane and John Doe. There had been tension in the house for at least three years because defendant brought friends into the home at all hours, day or night. The Does suspected that the friends were homeless and drug users. Defendant's friends stayed at the home, ate the family's food, used their bedrooms and bathrooms, and refused to leave when the Does asked them to leave. Both

3

Jane and John Doe argued with defendant about the issue of his friends; defendant ignored the Does.

On the morning of August 7, 2018, John Doe was at work. Jane went into the garage where defendant had several friends staying. Jane asked the friends to leave the home. Defendant became enraged, threated to kill Jane, and physically pushed her back inside the home.

When John Doe returned around noon, Jane told him what had happened. John then went into the garage and confronted defendant. John told defendant if his friends did not leave, John would call law enforcement. Defendant got enraged again. He challenged John to a fight and pushed him. Defendant raised his fist and threatened to kill John. Defendant then told John that if he called the police, defendant would kill the Does before he would have to go to jail.

Jane became frightened and called 911. When John came back inside the house, he also spoke with the 911 dispatcher. While John was talking to the dispatcher, defendant left the house. About 30 minutes later, defendant returned to collect his shoes. John told defendant that police had been notified. Defendant became angry again. He got in John's face, raised his fist, and again threatened to kill both the Does. John called 911 again and police arrived shortly thereafter. The police arrested defendant.

**DISCUSSION**

A.     <u>SECTION 1170.15 DID NOT MANDATE THE IMPOSITION OF CONSECUTIVE TERMS</u>

Defendant's sole contention on appeal is that the trial court erred in imposing a consecutive term on count 5 because the court was under the erroneous impression that section 1170.15 mandated the imposition of a consecutive term. The People concede "that a consecutive sentence was not mandatory under section 1170.15." The People, however, claim that the error was harmless because a consecutive sentence was mandatory under section 1170.12.[2] We agree with both parties that section 1170.15 did not mandate the court to impose a consecutive sentence for count 5. We disagree with the People that section 1170.12 applies. Therefore, we will remand this case for the trial court to exercise its discretion in determining whether to impose a consecutive or concurrent term on count 5.

In this case, at the sentencing hearing, the prosecutor asked for a consecutive term on count 5. The court asked whether imposition of a consecutive sentence was mandatory. The prosecutor stated that he believed it was mandatory under section 1170.15. The court then reviewed section 1170.15 and reached the same conclusion. Thereafter, the court imposed a consecutive term on count 5 stating that it did so because it was a "mandatory consec."

---

[2]  All references to section 1170.12 are to the former section 1170.12 in effect at the time of defendant's sentencing on November 1, 2019.

In general, "[a]bsent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions." (*People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262.) Where the court chooses a consecutive term, the subordinate term is typically imposed at one-third the midterm of the sentencing triad. (§ 1170.1.)

However, "[s]ection 1170.15 is an exception to the rule set forth in section 1170.1, subdivision (a)." (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1478, fn. omitted.) Under section 1170.15, "if a defendant is convicted of a felony, and he or she is also convicted of dissuading a witness from reporting or testifying about the first felony, then the trial court *must* impose a full-term sentence for the dissuading a witness conviction instead of the normal one-third the midterm for a second felony." (*Woodworth*, at p. 147, italics added.) Under section 1170.15, the court maintains its discretion to impose concurrent or consecutive terms, but if it chooses to impose a consecutive sentence, that sentence must be full term, not one-third the midterm. (*Woodworth*, at pp. 1479-1480.) Therefore, in this case, the trial court's reliance on section 1170.15 to impose a consecutive sentence for count 5 was misplaced.

When a trial court sentences a defendant on the erroneous assumption that it lacked discretion to impose a concurrent sentence, remand is necessary to permit the trial court the opportunity to exercise its sentencing discretion. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) Notwithstanding, remand is not necessary where it would be "an idle and unnecessary, if not pointless, judicial exercise." (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889.)

Here, the People argue that "because consecutive sentences were in fact mandatory, albeit pursuant to a different provision than the one cited by the court, remand would be an idle act, and is unnecessary." In support of their argument, the People contend that the trial court was mandated to sentence defendant consecutively under section 1170.12, subdivision (a)(7). We disagree; section 1170.12 is not applicable to this case.

Section 1170.12, subdivision (a)(7), states that "[n]otwithstanding any other provision of law, if a defendant has been convicted of a felony and it has been *pled and proved that the defendant has one or more prior serious and/or violent felony convictions*, as defined in subdivision (b), the court shall adhere to each of the following: [¶] . . . [¶] (7) If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 1170.12, subd. (a)(7), italics added.)

7

The language of section 1170.12, subdivision (a) is clear that the section *only* applies when "it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions." (§ 1170.12, subd. (a).) Here, it was neither pled nor proven that defendant had any prior serious and/or violent felony convictions. The only prior conviction allegations were for prior prison terms under former section 667.5, subdivision (b), which the trial court ultimately dismissed.

In their brief, however, the People only rely on the language set forth in subsection (7) of section 1170.12, subdivision (a), and simply ignore the language in subdivision (a), which stated that section 1170.12 only applies in cases where "a defendant has been convicted of a felony and it has been *pled and proved that the defendant has one or more prior serious and/or violent felony convictions*, as defined in subdivision (b)." (§ 1170.12, subd. (a).) Therefore, there is no authority to support the People's claim that the trial court was mandated to sentence defendant to a consecutive term for count 5 under section 1170.12.

In sum, both defendant and the People agree that section 1170.15 did not mandate that the trial court sentence defendant consecutively on count 5. Moreover, the error was not harmless because section 1170.12 does not apply to defendant. Therefore, the case should be remanded to the trial court so that the court may exercise its discretion to impose either consecutive or concurrent terms.

**DISPOSITION**

The case is remanded to the trial court for resentencing so it may exercise its discretion to impose either consecutive or concurrent terms.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                                  
Acting P. J.

We concur:

SLOUGH                           
J.

RAPHAEL                          
J.