Filed 11/29/23  P. v. Villalobos CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARTIN VILLALOBOS,<br><br>    Defendant and Appellant. | F085456<br><br>(Super. Ct. No. 21CR-05259)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Meehan, J.

## INTRODUCTION

Defendant Martin Villalobos was convicted of five counts of engaging in sodomy with a child 10 years of age or younger (Pen. Code,[1] § 288.7, subd. (a); counts 1, 2, 4, 6, 7), and three counts of engaging in oral copulation with a child 10 years of age or younger (§ 288.7, subd. (b); counts 3, 5, 8).  He was sentenced to consecutive terms of 25 years to life on each of the sodomy counts and consecutive terms of 15 years to life on each of the oral copulation counts, along with statutory fines, fees, and assessments.

On appeal, he contends the matter should be remanded for resentencing to allow the court to exercise its discretion to impose concurrent terms.  We conclude the court was aware of the scope of its discretion and remand for resentencing therefore is unwarranted.  Accordingly, we affirm.

## FACTUAL BACKGROUND

Because the issues raised on appeal relate only to sentencing, we discuss the underlying facts only briefly.

Claudia L.[2] and defendant were in a relationship beginning in 2015 and had three young children together.  Claudia also had a daughter, I.L., from a prior relationship.  Through the time of trial, I.L. was not aware that defendant was not her biological father.

On the night of October 23, 2021, defendant and I.L. ate dinner while Claudia nursed her and defendant's 20-day-old infant.  Eventually, defendant and I.L. left the room.  Claudia had a feeling that something was not right and went to the bedroom she shared with defendant.  From the doorway, she could see that I.L. was on the bed on her back with her legs dangling from the bed and her shorts and underwear down to her ankles.  Defendant was over her with one of his knees on the bed.  Claudia turned on the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names or initials.  No disrespect is intended.

light and asked what defendant was doing. Defendant stood up and ran to the bathroom. After a few minutes Claudia told defendant to leave the house and locked the door after him, then called the police. I.L. was eight years old at the time of this incident.

Defendant was arrested the same day and interviewed shortly thereafter. He admitted to sexually abusing I.L. beginning when she was five years old. The abuse began with defendant touching I.L.'s vagina. He admitted to anally penetrating and ejaculating on I.L. approximately five times when she was between six and eight years old. He reported that I.L. approached him and put his penis in her mouth approximately five times. He denied vaginal penetration. He admitted penetrating her anally on October 23, 2021. He reported that this occurred while I.L. was on her knees and he was behind her. He reported that she pulled her own shorts and underwear down. He mentioned several times during the interview that I.L. would "come on" to him and approach him in a sexually suggestive manner.

Three days later, I.L. participated in a forensic interview. She reported defendant sexually abused her from the ages of five to eight. He sodomized her daily when she was five, six, seven, and eight years old. He orally copulated her when she was seven years old but not eight. He also touched her with his hand from the ages of six to eight.

At trial, I.L. testified that defendant first sexually assaulted her when she was about five years old when he put his penis in her mouth. He did this a lot, but not every day. He would touch her vagina under her clothes with his hands when she was six years old. Defendant also put his penis in her anus every two to three days when she was six years old. He would put his tongue both inside and outside of her vagina when she was six and seven years old. He continued to frequently put his penis in her anus when she was seven years old. He also continued doing so when she was eight. When she was between five and seven years old, she tried to tell her mother about what defendant was doing but did not know how to explain it.

Claudia testified that I.L. was four or five years old when she told Claudia, "Oh, did you know that my . . . dad . . . does to me what he does to you?" Claudia did not understand what I.L. was talking about. Defendant, who was present, steered the conversation in a different direction. The subject did not come up again.

## DISCUSSION

Defendant contends the record is ambiguous as to whether the court understood it had discretion to sentence him to concurrent prison terms and remand therefore is warranted for the court to exercise its informed discretion. We conclude the record reflects the court understood it had discretion to sentence defendant to concurrent terms but exercised its informed discretion to sentence defendant to consecutive terms. Accordingly, the record does not support remand for resentencing.

## I. Additional Background Regarding Sentencing

Prior to sentencing, the People submitted a sentencing memorandum, requesting full consecutive terms on all counts based on (1) the factors in aggravation far outweighing any factors in mitigation, (2) the crimes and their objectives being independent of one another, and (3) the nature and duration of the abuse and defendant's surrounding conduct.

At the sentencing hearing, the People again requested full, consecutive sentencing on all counts. The People pointed out that the abuse occurred on a daily basis and involved a variety of sexual acts. The People also pointed out that defendant failed to take accountability for his actions and the harm he caused, having told probation it was a mistake and he wished to clear his name.

Defense counsel argued defendant was 35 years old, had offended against only one victim despite having access to other minors, had the support of his mother and sister, and had a "fairly clean" criminal history. Counsel argued the court had discretion to impose concurrent sentences and asked that counts 3, 5, and 8 run concurrently. Defense counsel acknowledged that trial testimony suggested the offenses were

4.

committed at different times and places, but argued there also was testimony that the different sexual acts were "committed so closely in time to a single period of abhorrent behavior to be considered."

The People disagreed with the defense position, noting that the sexual abuse continued over three years, at different homes, and involved different sexual acts. The People argued nothing presented at trial warranted concurrent sentencing.

The court explained: "The [c]ourt did hear the testimony in this case, found it deeply disturbing. The amount and extent of abuse was truly shocking. Under [section] 677.6[, subdivision ](d), I believe the [c]ourt does have the discretion to impose full consecutive sentencing, and that's what it intends to do."

## II.    Applicable Law

### A.    Exercise of Court's Discretion

We presume the trial court knew and applied the correct statutory and case law. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042 (*Ramirez*); *People v. Thomas* (2011) 52 Cal.4th 336, 361.) This presumption may be rebutted where the record affirmatively demonstrates the trial court was unaware of or misunderstood its sentencing discretion. (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Thus, where the court has misunderstood the scope of its sentencing discretion, remand is required "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Ibid.*)

### B. Concurrent and Consecutive Sentencing

"Absent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions." (*People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262.) California Rules of Court, rule 4.425 provides a nonexhaustive list of factors that may be considered in determining whether to impose consecutive or concurrent sentences.

Relevant here, section 667.6, subdivision (d) requires imposition of a full, separate, and consecutive term for each specified offense that involve separate victims, or the same victim on separate occasions.[3] (§ 667.6, subd. (d)(1).) As the parties agree, none of the offenses committed by defendant are subject to sentencing pursuant to section 667.6, subdivision (d). (See § 667.6, subd. (e); see also § 288.7, subds. (a)-(b).) Thus, as the parties further agree, defendant's sentencing was governed by section 669.

### III. Analysis

Nothing in the record suggests the trial court was unaware it had discretion to sentence defendant to concurrent terms. Neither the prosecutor nor defense counsel suggested consecutive sentences were mandatory. Furthermore, neither party referenced section 667.6. Although the court erroneously referenced section 667.6 in its ruling, the remainder of the court's comments indicate the court understood it had discretion to impose either concurrent or consecutive terms. Indeed, the court stated, "I believe the [c]ourt does have *the discretion* to impose full consecutive sentencing, and that's what it intends to do." (Italics added.) This comment does not suggest the court viewed the imposition of consecutive terms to be mandatory. Thus, the court's erroneous reference to section 667.6 does not overcome the presumption that the court knew of and exercised its discretion to impose either consecutive or concurrent terms. (See *Ramirez*, *supra*, 10

---

[3] Section 667.6, subdivision (c) permits imposition of full, separate, and consecutive terms for specified offenses committed against the same victim on the same occasion.

6.

Cal.5th at pp. 1042–1043.)  Accordingly, the record as a whole does not suggest the court misunderstood the scope of its discretion, but rather chose to exercise its discretion to impose consecutive sentences.[4]  As such, the record does not support remand for the court to exercise its discretion in this regard.

## DISPOSITION

The judgment is affirmed.

---

[4] Defendant does not contend the imposition of consecutive sentences was an abuse of discretion.