[No. C003781. Third Dist. Nov. 22, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEJANDRO CORONA, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II-VI.

**COUNSEL**

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Joel Carey and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BLEASE, J.**—Defendant was convicted on his pleas of guilty of kidnapping, assaulting with a deadly weapon, raping (twice), sexually assaulting with a foreign object, forcibly orally copulating, and robbing Suzanne B. after entering her home in a burglary. He also admitted enhancement allegations to the kidnap offense of personal use of a firearm and to the sex offenses of personal use of a firearm or other deadly weapon. Sentenced to an aggregate term of imprisonment of 56 years, 4 months, he appeals contending sentencing error.

In the published portion of this opinion we consider defendant's contention that the trial court erred in sentencing him to consecutive terms for the four sex offenses under Penal Code section 667.6, subdivision (d).[1] In the unpublished portion we consider other contentions of sentencing error. We will modify the judgment in part as to sentencing, directing a Penal Code section 654 stay of a concurrent sentence for robbery and that defendant be

---

[1] The Reporter of Decisions shall publish this opinion except for Discussion sections II-VI.

given an additional day of credit for time served in presentence custody. With those exceptions we will affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

On August 7, 1987, around 10 p.m. Suzanne B. was at home in her bedroom. Defendant ran into the room and grabbed her. He told her not to scream; he had a knife in his right hand. She was wearing pajamas, he told her to put on pants. She moved from the bed to comply and saw the knife going across her left hand, it cut several tendons in her fingers. She began to cry; defendant said "I told you not to do anything and I wouldn't hurt you." She went to her dresser and as she put on pants he asked if there was a gun anywhere. She said no. Defendant looked under the bed where her husband kept a hand gun and took it.

They walked into the hallway and then looked into other rooms in the house. Defendant took her purse but put it back when she told him there was no money. She told him she had no money, that he could leave. "[H]e said he couldn't go because [she] had seen him." She told him that she was pregnant. They went to the kitchen where he permitted her to put cold water on her hand. He walked her through the garage, out the gate, and around the corner where defendant pushed her into a car. He drove off and stopped five or six minutes later. He left the car with the keys, the gun, and the knife. He opened the trunk.

After a minute or two defendant returned to the car. He sat playing with the gun. He put a bullet into her hand and asked "[w]hat kind of a hole will this make in you?" He then started kissing her. He removed her pants and after more kissing put his finger into her vagina. He then kissed her genitals. He then put his penis in her vagina. After five or six minutes of copulation he stopped and left the car.

He returned five minutes later. He renewed his advances. She said "[w]hy are you doing this to me?" He placed the knife against her inner thigh and said "If you don't cooperate this will hurt you more." He engaged in another bout of copulation. When he was through he told her to put her pants on and then walked around to her side of the car, opened the door and ordered her out of the car. She asked if he was going to kill her and started crying. He said he was not going to hurt her and he did not know what he was going to do with her because she had seen him. He put her in the trunk of the car and drove to a house in town. He kept her there until the evening of the next day. At that time he drove her around for awhile in the trunk and ultimately dropped her off at a telephone booth where she was left blindfolded until he drove away.

Defendant pled guilty to the eight offenses related above and admitted the respective enhancement allegations. He was sentenced as follows. The kidnapping conviction was selected as the principal term with the upper term of eight years imposed and an enhancement of two years for the Penal Code section 12022.5 enhancement appended thereto. For the burglary the four-year middle term was selected and a consecutive term of one-third of the middle term, sixteen months, was imposed. For the robbery the four-year middle term was selected with the direction that the term be served concurrently with that for the kidnap. For the assault with a deadly weapon, the middle term of three years was selected and a consecutive term of one-third of that term, one year, imposed. As to the four sex offenses the trial court declared that consecutive sentences would be imposed under Penal Code section 667.6, subdivision (d). As to each sex offense the upper term of eight years and an enhancement term of three years under Penal Code section 12022.3 was imposed.

## DISCUSSION

### I

■ Defendant contends the trial court erred in imposing full consecutive sentences for the sex offenses under Penal Code section 667.6, subdivision (d). Defendant argues that under this court's opinion in *People* v. *Reeder* (1984) 152 Cal.App.3d 900 [200 Cal.Rptr. 479], the facts of this case do not satisfy the criteria for application of that provision. The Attorney General asserts there are two episodes of sex offenses, one ending with the first rape, the other consisting of the second rape, which meet the criteria of the statute as construed by *Reeder* but concedes "it is difficult to argue that the oral copulation and foreign object rape, occurring just prior to the rapes, are themselves separate episodes." Accordingly, the Attorney General suggests that the sentences on all the sex offense convictions be viewed as properly imposed under Penal Code section 667.6, subdivision (c).

We shall accept the implicit concession that the imposition of sentence for the sex offenses other than rape was improper under Penal Code section 667.6, subdivision (d). As we explain in the unpublished portion of this opinion the trial court indicated that it would exercise its discretion to impose full consecutive terms under section 667.6, subdivision (c) in any event. A satisfactory reason is given in support of the choice to impose sentence on those convictions under subdivision (c). The imposition of sentence for the two rape offenses under section 667.6, subdivision (d) was lawful. Hence we will uphold the judgment as to all the sex offenses.

Penal Code section 667.6, subdivision (d), is as follows. "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or

of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person if the crimes involve separate victims or involve the same victim on separate occasions.

"In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions.

"The term shall be served consecutively to any other term of imprisonment, and shall commence from the time the person would otherwise have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

The second paragraph of the subdivision was added by Statutes 1986, chapter 1431. It was accompanied by an uncodified explanatory note. "It is the intent of the Legislature in the enactment of Section 1 of this act to abrogate the decision in *People* v. *Craft* (41 Cal.3d 554), and to establish an objective test for determining whether sex crimes against a single victim occurred on separate occasions." (Stats. 1986, ch. 1431, § 2.) Defendant notes that *Craft* was overruled and suggests that returns us to the antecedent construction of subdivision (d) in *Reeder*. (See, *People* v. *Hammon* (1987) 191 Cal.App.3d 1084, 1098, fn. 12 [236 Cal.Rptr. 822].) This fails to note the actual language of the amendment and the express proviso that the amendment also *establishes* an objective test of "separate occasion."

The finding of ultimate fact which now requires imposition of sentence under Penal Code section 667.6, subdivision (d) for multiple sex offenses against a single victim is "between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions . . . ." Accordingly, if the evidence supports such a finding, the decision to sentence under subdivision (d) must be upheld. The evidence in this case supports such a finding as to the two sex crimes of rape. The defendant ceased his sexually assaultive behavior, left the car, returned after a minute or two and resumed sexually assaultive behavior. We see no grounds to fault an inference that in this interval defendant had a reason-

able opportunity to reflect upon his actions.[2] Hence, as to the rape offenses sentencing under subdivision (d) was lawful.

However, as the Attorney General tacitly concedes, such a finding cannot be supported as to the sex crimes preceding the first rape. There is no evidence of any interval "between" these sex crimes affording a reasonable opportunity for reflection; there was no cessation of sexually assaultive behavior hence defendant did not "resume[ ] sexually assaultive behavior." Hence, the trial court erred in imposing sentence for those offenses under Penal Code section 667.6, subdivision (d). However, as related, that error was cured by identical and lawful alternate sentencing under section 667.6, subdivision (c).

II-VI*

. . . . . . . . . . . . . . . . . . . . .

*Disposition*

The judgment is modified as follows. The concurrent sentence for the robbery offense is stayed; the trial court shall transmit an amended abstract of judgment to the Department of Corrections reflecting that modification and that defendant is entitled to one additional day of credit for time spent in local custody. With the foregoing exceptions, the judgment is affirmed.

Puglia, P. J., and Deegan, J.,† concurred.

A petition for a rehearing was denied December 16, 1988, and appellant's petition for review by the Supreme Court was denied February 23, 1989.

---

[2] We imply no view on the question whether such an inference was compelled. The issue of fact whether there was a reasonable opportunity for reflection depends upon all of the circumstances of the particular situation. In resolving that issue the trial court may attend to the same factors we pointed to in *Reeder, supra* , 152 Cal.App.3d 900. (Cf. Pen. Code, § 667.6, subd. (d): "Neither the duration of time between the crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions.") However, once the issue has been resolved by the trial court we are not at liberty to overturn the result unless no reasonable trier of fact could decide that there was a reasonable opportunity for reflection.

* See footnote, *ante,* page 13.

† Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.