[No. B135960. Second Dist., Div. Six. Jan. 24, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
AXEL ERNESTO McPHERSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

528

COUNSEL

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Lawrence M. Daniels and Analee J. Nations, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PERREN, J.**—Appellant Axel Ernesto McPherson aided another in raping Nancy T. Immediately thereafter he raped her. ██ He pleaded no

contest to two counts of forcible rape (§ 261, subd. (a)(2)),[1] and was sentenced to 12 years in prison, consisting of consecutive sentences of six years on each count.[2] McPherson contends that he should not have received consecutive sentences. He claims that the trial court erred in imposing mandatory "full, separate, and consecutive" sentences under section 667.6, subdivision (d) because the rapes did not occur on "separate occasions" and because he did not personally commit one of the rapes. We affirm because, as we shall discuss, each act of rape perpetrated by a different assailant is a crime committed on a separate occasion for the purpose of imposing the mandatory sentence. [[/]]*

FACTS[3]

Nancy T. left a bar around 1:30 a.m. and waited outside for a taxi. A few minutes later, McPherson drove up and offered her a ride home. She recognized McPherson as a bar patron and accepted. She got in the front seat. An unidentified man whom McPherson identified as his cousin got into the backseat.

Instead of driving her home, McPherson drove Nancy T. to a secluded area and stopped. When the man in the backseat started to grope her, she got out of the car and walked away. McPherson and the other man grabbed her arms to prevent her escape and, while she struggled, the other man pushed her to the ground and raped her. During the rape, McPherson was standing next to Nancy T. where she could see him. After he finished, the unidentified man "paused" and got off her. Then, McPherson lowered his pants, got on top of her and, despite her pleas, raped her. When the two rapes were completed, McPherson drove Nancy T. home.

DISCUSSION

*Consecutive Sentences Under Section 667.6, Subdivision (d)*

Section 667.6, subdivision (d) requires that a "full, separate, and consecutive term" be imposed for each rape or other enumerated sex crime "if the crimes involve separate victims or involve the same victim on separate

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] McPherson's no contest plea admits all facts essential to the conviction. (*In re Troy Z.* (1992) 3 Cal.4th 1170, 1180-1181 [13 Cal.Rptr.2d 724, 840 P.2d 266].) However, he did not waive his right to appeal sentencing issues since he did not agree to a sentence in his plea. (*People v. Sherrick* (1993) 19 Cal.App.4th 657, 659 [24 Cal.Rptr.2d 25]; *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662-1663 [17 Cal.Rptr.2d 445].)

*See footnote, *ante*, page 527.

[3] The facts are taken from the transcript of the preliminary hearing.

occasions." In determining whether the crimes occurred on separate occasions, "the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions." (*Ibid.*) ■ Contrary to McPherson's contention, the two rapes in this case occurred on separate occasions.

McPherson and the prosecution both rely on cases which interpret the meaning of "separate occasions" when a single attacker commits multiple sexual assaults on the same victim. *People v. Irvin* (1996) 43 Cal.App.4th 1063 [51 Cal.Rptr.2d 127] states that a sexual assault consisting of multiple acts is not a single encounter, and an attacker may have a reasonable opportunity to reflect upon his or her actions between acts even though the attacker and victim merely changed positions without any obvious break in the attacker's behavior between sexual acts. (At pp. 1070-1071.) *People v. Pena* (1992) 7 Cal.App.4th 1294 [9 Cal.Rptr.2d 550], on the other hand, concludes that two sexual assaults did not occur on separate occasions when there was a change in position but no appreciable time interval between the acts. (At p. 1316; see also *People v. Corona* (1988) 206 Cal.App.3d 13, 16 [253 Cal.Rptr. 327] [court accepted prosecution concession that multiple rapes without pause did not occur on separate occasions].)

Here, the considerations raised by *Irvin* and *Pena* are not present because the two rapes were committed by different persons. With a single attacker, multiple acts may be committed so close in time as to raise the question of whether they are a single, indivisible attack. But, when the attacker is a different person, a significant change in circumstances necessarily occurs. We have found no authority interpreting section 667.6, subdivision (d) when different attackers commit sexual assaults on the same victim. But, we reach the virtually self-evident conclusion that discrete sexual assaults on the same victim occur on "separate occasions" as that term is used in section 667.6, subdivision (d) when the assaults are personally committed by different persons even if one follows the other in rapid succession.

In this case, the rape personally committed by the unidentified man was completed before McPherson personally committed his rape. McPherson actively participated in the first rape by physically preventing the victim's escape, but the rapes were interrupted and substantially altered when McPherson's role changed from aider and abettor to the person who personally committed a rape. Different persons committed different sexual assaults at different times.

As the person waiting for his opportunity, it is an understatement to conclude that McPherson had a "reasonable opportunity to reflect upon his . . . actions" before personally committing the second rape. (§ 667.6, subd. (d).) By watching the act unfold, McPherson had a graphic opportunity to reflect on his further participation in these events. In addition, McPherson had another reasonable opportunity to reflect between the two rapes when McPherson changed places with the other man and made his final decision to ignore the victim's pleas.

Moreover, our conclusion is supported by *Irvin* and is consistent with a reasonable interpretation of *Pena*. *Irvin* held that sexual assaults could occur on separate occasions even if there was no more than a change in the physical positions of attacker and victim. Here, the change from the other man to McPherson as the rapist more than satisfies that requirement.

Also, the change from the other man to McPherson satisfies *Pena*'s requirement that there be an "appreciable interval" between multiple sexual assaults. Since the *Pena* court was well aware that the "duration of time between crimes" is not, in and of itself, determinative of whether the crimes occurred on separate occasions (§ 667.6, subd. (d)), an "appreciable interval" under *Pena* may be no more than the time necessary to perceive that different sexual assaults are being committed. The time required for the other man and McPherson to change places is an "appreciable interval" under *Pena*.

Our opinion, however, does not focus on a change of position or on the lapse of time between sexual assaults. Rather, the fact that the physical act was accomplished by different people is, in and of itself, sufficient to meet the "separate occasion" requirement of section 667.6, subdivision (d).

### Consecutive Sentences for Aiding and Abetting

McPherson also contends that his culpability is less because he personally committed only one of the rapes. He contends that section 667.6, subdivision (d) does not permit consecutive sentences because he only had derivative liability as aider and abettor of the first rape. We reject this contention and agree with *People v. Farr* (1997) 54 Cal.App.4th 835 [62 Cal.Rptr.2d 892] that a defendant does not have to personally commit a sexual assault to be subject to mandatory consecutive sentences under section 667.6, subdivision (d).

In *Farr*, the defendants engaged in various sexual assaults, but argued that they were not subject to section 667.6, subdivision (d) because they did not

personally commit all of the assaults. The court stated that section 667.6, subdivision (d) is a sentencing scheme that prescribes terms of imprisonment for enumerated sex offenses. (*People v. Farr, supra,* 54 Cal.App.4th at pp. 844-845.) And, like other sentencing schemes, there is no requirement that a defendant personally commit the offense in order to be subject to the specified sentence. (*Id.* at pp. 843-845.) In fact, one of the offenses specified in section 667.6, subdivision (d) is rape in concert (§ 264.1), which expressly includes aiders and abettors who do not actively participate in the crime. (*Ibid.*)

Additionally, section 31 draws no distinction between the criminal liability of persons who "directly commit the act constituting the offense, or aid and abet in its commission." A person is guilty of a crime if he or she promotes, aids, or encourages its commission, knowing the perpetrator's unlawful purpose and intending to facilitate that purpose. (*People v. Beeman* (1984) 35 Cal.3d 547, 554-555 [199 Cal.Rptr. 60, 674 P.2d 1318].) An aider and abettor stands on equal footing with the actual perpetrator of a sexual assault. (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 529-530 [26 Cal.Rptr.2d 323].)

McPherson's reliance on *People v. Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306] is misguided. *Walker* states that certain enhancements may not be based on derivative liability, but section 667.6, subdivision (d) is a sentencing scheme, not an enhancement statute. Contrary to McPherson's assertion, the distinction between sentencing schemes and enhancements is well established. (See, e.g., *People v. Sipe* (1995) 36 Cal.App.4th 468, 486 [42 Cal.Rptr.2d 266]; *People v. Anderson* (1995) 35 Cal.App.4th 587, 594-595 [41 Cal.Rptr.2d 474].)

Finally, McPherson disputes his culpability for the first rape by arguing that his involvement was "minimal" and amounted to little more than being present at the scene. This meritless contention flies in the face of the record, which shows that McPherson actively participated in the first rape by driving Nancy T. to a secluded place, physically preventing her escape, and standing by while the other man raped her. Also, by pleading no contest, McPherson cannot attack the sufficiency of the evidence. (*In re Troy Z., supra,* 3 Cal.4th at pp. 1180-1181.)

[[*Section 654*]]*

---

*See footnote, *ante,* page 527.

[[*Cruel and Unusual Punishment*]]*

The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 25, 2001.

*See footnote, *ante*, page 527.