Filed 6/30/25  P. v. Fambro CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONALD LAMONT FAMBRO,<br><br>    Defendant and Appellant. | C100125<br><br>(Super. Ct. No. 21FE019125) |

A jury found defendant Donald Lamont Fambro guilty of various counts of committing lewd and lascivious acts upon a minor victim, including six counts of forcible lewd acts.  The trial court sentenced defendant to 137 years in state prison, including full, separate, and consecutive terms on the forcible lewd act counts.

On appeal, defendant contends:  (1) the trial court prejudicially erred in failing to provide a factual basis for finding the forcible lewd act counts were committed on separate occasions; (2) the trial court erroneously imposed full, separate, and consecutive terms on three forcible lewd act counts on the basis that they were committed on separate

1

occasions; (3) the trial court abused its discretion by declining to strike a prior strike conviction; and (4) the aggregate sentence constitutes cruel and unusual punishment. The People concede the trial court erred in finding two of the forcible counts were committed on separate occasions.

We conclude defendant has forfeited his claim regarding failure to provide a factual basis. We accept the People's concession regarding separate occasions and remand for resentencing on one of the forcible counts and for the opportunity for the trial court to reconsider defendant's motion filed under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). Due to the remand, defendant's remaining contentions are moot.

Statutory references are to the Penal Code and rule references are to the California Rules of Court.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The garage incident*

Victim lived with her family and defendant, her sister's boyfriend, in a house. Defendant and victim's sister stayed in the attached garage that had been converted into a bedroom. The garage was furnished with a couch and a bed and had a door that led into the house.

Victim recalled defendant touched her in the garage when she was 12 years old: "[H]e would pull me into the garage, put me on the couch, pull my pants down, and rub my butt and he would pull his pants down." During that incident, defendant pulled victim from the hallway of the house into the garage. When they got into the garage, defendant put victim on the couch and pulled her shorts down. He then forced victim to lay on her stomach, pulled her buttocks up, and applied pressure to victim's back to make it arch. With victim in that position, defendant pulled his pants down and started touching his penis.

2

During the incident, defendant also massaged victim's back and buttocks, touched victim's thighs, and rubbed his penis against victim's vagina.

2. *The charges*

The People charged defendant with seven counts of lewd and lascivious acts on a child under the age of 14 (§ 288, subd. (a); counts 1-7); six counts of lewd and lascivious acts by force on a child under the age of 14 (§ 288, subd. (b)(1); counts 8-13); and one count of unlawful and knowing possession of an image depicting a person under the age of 18 engaging in and simulating sexual conduct (§ 311.11, subd. (a); count 14). The People further alleged: (1) defendant had substantial sexual contact with a victim under the age of 14 (§ 1203.066, subd. (a)(8)); and (2) defendant had a prior serious felony conviction (§ 667, subd. (a)) that also qualified as a strike (§§ 667, subds. (b)-(i), 1170.12). As to aggravating sentencing factors, the People alleged: (1) the victim was particularly vulnerable (rule 4.21(a)(3)); (2) the manner in which the crimes were carried out indicates planning, sophistication, or professionalism (rule 4.421(a)(8)); (3) defendant took advantage of a position of trust or confidence to commit the crimes (rule 4.421(a)(11)); and (4) defendant was on probation when the crimes were committed (rule 4.421(b)(4)).

Among the charges, counts 8 to 10 related to the garage incident. Count 8 alleged defendant touched victim's back, buttocks, and thighs; count 9 alleged defendant put his hands on victim's back at a different time from count 8 during the same incident; and count 10 alleged defendant used his penis to touch victim's genitalia.

3. *Jury verdict and sentencing*

The jury found defendant guilty of all counts and found true the allegation that defendant had substantial sexual contact with victim. Defendant waived his right to a jury trial on the prior conviction allegation and the aggravating factors. The trial court found true the prior conviction. Defendant admitted he was on probation when he committed the current crimes, and the trial court found true the remaining aggravating

3

factors.  The trial court denied defendant's *Romero* motion strike his prior strike conviction.

The trial court sentenced defendant to 137 years in state prison, consisting of:  the principal term of 6 years, doubled to 12 years due to the prior strike, on count 1; six consecutive 2-year terms, doubled to 4 years due to the prior strike, on counts 2 to 7; six consecutive 8-year terms, doubled to 16 years due to the prior strike, on counts 8 to 13; and 5 years on the prior strike enhancement.  The trial court stayed the sentence on count 14 under section 654.

Defendant timely appeals.

DISCUSSION

I

*Reasonable Opportunity for Reflection*

Defendant contends remand is necessary because the trial court prejudicially erred by imposing separate, full, and consecutive sentences on counts 8 through 10 based on the implicit finding that each count was committed on separate occasions.  The People concede remand on count 8 is necessary because the evidence does not support the finding that it was committed on a separate occasion from count 9; but they contend a reasonable trier of fact could have found defendant had a reasonable opportunity to reflect on his actions between counts 9 and 10.  We agree with the People.

The trial court usually has discretion to decide whether to impose consecutive or concurrent sentences.  (§ 669, subd. (a).)  But it must impose "full, separate, and consecutive" terms for each forcible lewd or lascivious act on a child if the crimes involve "the same victim on separate occasions."  (§ 667.6, subds. (d)(1) & (e)(5).)  In determining whether crimes against a single victim were committed on separate occasions, the trial court must consider "whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon the defendant's actions and nevertheless resumed sexually assaultive behavior.  Neither the

4

duration of time between crimes, nor whether or not the defendant lost or abandoned the opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions." (§ 667.6, subd. (d)(2).) "The issue of fact whether there was a reasonable opportunity for reflection depends upon all of the circumstances of the particular situation." (*People v. Corona* (1988) 206 Cal.App.3d 13, 18, fn. 2 (*Corona*).) We do not reverse a trial court's finding that a defendant committed offenses on separate occasions unless "no reasonable trier of fact could have decided the defendant had a reasonable opportunity for reflection after completing an offense before resuming his assaultive behavior." (*People v. Garza* (2003) 107 Cal.App.4th 1081, 1092 (*Garza*).)

Here, count 8 alleged defendant touched victim's back, buttocks, and thighs while count 9 alleged defendant touched victim's back. Victim testified at trial that in addition to putting pressure on her back to make her arch, defendant touched her back, buttocks, and thighs during the garage incident. But, as the People concede, it is unclear from victim's testimony when the touching in count 8 occurred in relation to the touching in count 9. A reasonable trier of fact thus could not have decided defendant had a reasonable opportunity for reflection between the touching in count 8 and count 9 based on the evidence.

After defendant touched victim's body and forced her to arch her back, he took off his pants. Victim testified that defendant rubbed his penis against her genitalia, as alleged in count 10, which necessarily came after defendant took off his pants. Although victim was still under defendant's control, a reasonable trier of fact could have found defendant's assaultive sexual behavior stopped when he took off his pants, giving him a reasonable opportunity to reflect upon his actions. (See *People v. Plaza* (1995) 41 Cal.App.4th 377, 384.) He nevertheless chose to resume his sexually assaultive behavior by rubbing his penis against victim's vagina. We thus do not disturb the trial court's implicit finding that count 9 and count 10 were committed on separate occasions.

5

Defendant cites *Corona* and *People v. Pena* (1992) 7 Cal.App.4th 1294, but they are distinguishable. In *Corona*, the defendant "started kissing [the victim]. He removed [the victim's] pants and after more kissing put his finger into her vagina. He then kissed her genitals. He then put his penis in her vagina." (*Corona*, *supra*, 206 Cal.App.3d at p. 15.) "[T]here was no cessation of sexually assaultive behavior" there as the kissing, the digital penetration, the kissing of the victim's genitals, and the sexual penetration of the victim immediately followed one another. (*Id.* at p. 18.) Similarly in *Pena*, the court found no "appreciable interval 'between' the rape and oral copulation" because "[a]fter the rape, [the defendant] simply flipped the victim over and orally copulated her." (*Pena*, at p. 1316.) Here, on the other hand, the sexual acts of touching victim's body and rubbing on victim's genitalia were interrupted by defendant's taking off his pants—which in and of itself could be construed as a nonsexual act. (See *People v. Plaza*, *supra*, 41 Cal.App.4th at pp. 384-385 [finding the defendant's nonsexual acts such as pushing the victim into the bathroom and listening to the answering machine provided defendant reasonable opportunities to reflect on the sexual abuse].) A reasonable trier of fact could have found that defendant had a reasonable opportunity to reflect on his actions when he pulled down his pants but chose to resume his sexually assaultive behavior and rubbed his penis against victim's genitalia.

Returning to count 8, remand for resentencing there is appropriate because nothing in the record suggests the trial court would have again imposed a consecutive term. In fact, the trial court rejected probation's upper term recommendations on all counts partly due to the consecutive sentences. We agree with defendant that the remand renders moot his following contentions: (1) the trial court abused its discretion by refusing to strike his prior strike; and (2) the sentence of 137 years amounts to cruel and unusual punishment.

II

*Factual Explanation*

Citing *People v. Irvin* (1996) 43 Cal.App.4th 1063, defendant contends the trial court prejudicially erred by failing to state the factual basis for imposing full, separate, consecutive terms on counts 8 through 13 under section 667.6, subdivision (d).  Without deciding whether *Irvin* requires the trial court to provide such a factual basis, we conclude defendant has forfeited this argument by failing to object below.

1.     *Additional Sentencing Background*

At the outset of sentencing, the trial court noted counts 8 through 13 required full, separate, consecutive sentences under section 667.6, subdivision (d).  After reviewing its other sentencing responsibilities, the trial court reiterated it was prepared to announce full, separate, and consecutive sentencing on those counts.  Defense counsel concurred.

After announcing the sentence, the trial court again explained it imposed the consecutive 16-years terms on counts 8 through 13 because "667.6(d) references a subdivision ([e]) in terms of one of the enumerated offenses that makes it full separate consecutive, and under ([e])(5), one of the enumerated offenses is in fact 288(b)(1), lewd and lascivious acts by force, so that means those offenses qualify as full separate consecutive."  Defense counsel made no objections.

2.     *Analysis*

A defendant forfeits "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" by failing to make "a timely and meaningful objection." (*People v. Scott* (1994) 9 Cal.4th 331, 351-353 (*Scott*).) "Included in this category are . . . cases in which the court purportedly erred because it . . . failed to state any reasons." (*Id.* at p. 353.)  We recognize section 667.6, subdivision (d) is "a legislatively mandated sentencing scheme" where full, separate, consecutive sentencing is mandatory under the circumstances therein specified.  (*People v. Jones* (1988) 46 Cal.3d 585, 595.)  But the trial court retains discretion under that subdivision in

7

determining whether the crimes occurred on separate occasions, and defendant here challenges the trial court's failure to state any reasons to support this discretionary determination. We thus apply the forfeiture rule under *Scott*. (See also *In re Sheena K.* (2007) 40 Cal.4th 875, 880 ["Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal"].)

Here, the trial court stated multiple times at sentencing that it would impose full, separate, and consecutive sentences on counts 8 through 13 pursuant to section 667.6, subdivision (d). It never provided any factual explanation for its decision. But defense counsel made no objection and even agreed with the trial court that the sentences were appropriate. Defendant thus forfeited his claim for failure to provide a factual basis.

Defendant's reliance on *Garza* is misplaced. The issue in *Garza* was whether the lack of objection below forfeited the defendant's claim that the trial court erroneously sentenced him to consecutive terms. (*Garza*, *supra*, 107 Cal.App.4th at p. 1091.) We found no forfeiture because *Scott* exempts challenges to unauthorized sentences from its forfeiture rule. (*Id.* at p. 1091, citing *Scott*, *supra*, 9 Cal.4th at p. 354, fn. 17.) But the trial court's failure to provide a factual basis for its sentencing choices is not the same as its imposing unauthorized sentences. *Garza* does not help defendant.

We also reject defendant's claim that the trial court's failure to provide factual explanation was a legal error. The forfeiture rule applies to "sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Scott*, *supra*, 9 Cal.4th at p. 354.) Defendant does not contest that, assuming counts 8 through 10 occurred on separate occasions, section 667.6, subdivision (d) requires the trial court to impose full, separate, consecutive sentences. Instead, he asserts trial evidence showed counts 8 through 10 occurred on the same occasion and the trial court could have imposed concurrent sentences on those counts. He "essentially argues only that the court exercised its otherwise lawful authority in an erroneous manner under the

particular facts." (*People v. Welch* (1993) 5 Cal.4th 228, 236.) A contemporaneous objection is required to preserve such a claim. (See *Scott*, at p. 355 [contemporaneous objection required to preserve claims that the trial court's sentencing choices were based on inapplicable, duplicative, and improperly weighed factors].)

## DISPOSITION

The convictions are affirmed but the sentence on count 8 is vacated and the matter remanded for resentencing on that count. During that remand, the trial court may also reconsider defendant's *Romero* motion.

Upon resentencing, the trial court shall forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

 

 

 

 

/s/
MESIWALA, J.

 

 

We concur:

 

 

/s/
ROBIE, Acting P. J.

 

 

/s/
FEINBERG, J.

9