Filed 4/21/26  P. v. Jimenez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B339174 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA505081) |
| v. | |
| PEDRO JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Reversed and remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles G. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Chelsea Zaragoza, Deputy Attorney General, for Plaintiff and Respondent.

Pedro Jimenez appeals from the judgment of conviction entered after a jury found him guilty of committing seven sex offenses against 11-year-old M.C. The trial court sentenced Jimenez to 72 years to life in state prison. Jimenez's sole contention on appeal is that the court erred by imposing consecutive terms on counts 1 through 3 because the underlying offenses did not occur on separate occasions under Penal Code section 667.6, subdivision (d),[1] and the court did not make findings on whether it was exercising its discretion to impose a consecutive sentence. We reverse and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Evidence at Trial*[2]

In 2016 M.C. lived with her mother, Ana Maria C., and her brother A.C., who was about one year younger than M.C. Jimenez began dating Ana Maria in 2015 or 2016. When Ana Maria became pregnant with Jimenez's child, the family moved in with Jimenez, and they lived in a two-bedroom house.

M.C. was 17 years old when she testified at trial. She described the events that took place in December 2017, when she was 11 years old. On the night of Christmas Eve, M.C. and A.C. went to sleep in the bedroom they shared, which had a bunk bed.

---

[1]    Further statutory references are to the Penal Code.

[2]    We discuss the facts relevant to Jimenez's sexual conduct on Christmas Eve 2017, which was the subject of counts 1 through 3. Jimenez was convicted on four other counts involving sex offenses he committed against M.C. on later dates.

M.C. slept on the bottom bunk, and A.C. slept on the floor due to an arm injury.  At some point, Jimenez came into the room with his cell phone flashlight on, "check[ed] on" A.C., and lay down on M.C.'s bed.

Jimenez began playing with and smelling M.C.'s hair and rubbing her shoulders and arms.  He then moved his hand down M.C.'s arm and stomach and began touching her underneath her clothes.  When he touched M.C.'s breasts, M.C. moved his hands away, and Jimenez "backed up a little bit" and returned to playing with and smelling M.C.'s hair and touching her shoulders.

Jimenez then got on top of M.C., and she began to cry.  Jimenez took a pocketknife from his pocket, put it to M.C.'s face, and threatened to hurt Ana Maria and her brother if M.C. made any noise.  M.C. "went numb . . . with the knife on [her] mouth," and Jimenez moved the knife down her body to her stomach in an "'S,' back-and-forth type of motion."

Jimenez ripped off M.C.'s shirt and bra and kissed and licked her neck and breasts.  He tried taking M.C.'s shorts off, but he was on top of M.S. and was "having a hard time," so M.C. helped him pull her shorts down.  M.C. took off her underwear at Jimenez's request.  Jimenez touched M.C.'s legs, breasts, and neck, and inserted his fingers into her vagina four or five times.  Jimenez then licked M.C.'s vagina and inserted his penis into her vagina about three times.  Jimenez moved M.C. onto her stomach and inserted his penis into her anus two or three times.

At that point, A.C. woke up, and Jimenez got off M.C. and lay next to her on the bed.  A.C. turned on the bedroom lights and went to the bathroom.  After A.C. returned, turned the lights off, and went back to sleep on the floor, Jimenez "waited for a few

3

minutes" then began touching M.C.'s hair and breasts again. Jimenez next inserted his fingers into M.C.'s vagina and licked her vagina. When A.C. moved again, Jimenez stopped, waited a few minutes, and left the room.

A.C. testified that M.C.'s crying woke him up that night, and he saw Jimenez on top of her. It appeared as if Jimenez was not wearing pants, but A.C. did not get a close look. A.C. "decided to ignore it" and went back to sleep because he did not know if he was "seeing things."

On April 30, 2022, after M.C.'s cousin Jordy C. asked her what had happened with Jimenez, M.C. told Ana Maria and other family members that Jimenez was sexually abusing her. Ana Maria instructed her sister-in-law to call the police, and later that night M.C. told a law enforcement officer about the Christmas Eve incident.

At trial, the parties stipulated that Jimenez was born in August 1988; he therefore was 29 years old at the time of the 2017 Christmas Eve incident and 35 years old at the time of trial.

The defense did not call any witnesses.

B.   *The Verdict and Sentencing*

The jury found Jimenez guilty on all seven counts charged. As relevant here, the jury found Jimenez guilty of aggravated sexual assault of a child under 14 years old—oral copulation (§ 269, subd. (a)(4); count 1);[3] aggravated sexual assault of a child

---

[3]   The verdict form stated count 1 was for aggravated sexual assault of a child - oral copulation, but it incorrectly stated the offense was for a violation of section 269, subd. (c) (instead of subdivision (a)(4)). At the sentencing hearing the trial court determined, without objection, that this was a technical error,

4

under 14 years old—rape (*id.*, subd. (a)(1); count 2); and forcible lewd or lascivious act upon a child under 14 years old (§ 288, subd. (b)(1); count 3). As to count 3, the jury found true the special allegation that in the commission of the crime Jimenez personally used a dangerous or deadly weapon (a knife) within the meaning of section 667.61, subdivisions (b) and (e). In a bifurcated proceeding, the jury found true as to counts 4 through 7 the aggravating factors that M.C. was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)) and that Jimenez took advantage of a position of trust or confidence to commit the offenses (rule 4.421(a)(11)).

The People argued in their sentencing memorandum that the trial court should impose consecutive terms of 15 years to life on counts 1 (oral copulation) and 2 (rape) because the crimes involved the same victim on separate occasions under sections 269, subdivision (c), and 667.6, subdivision (d). With respect to count 3 (forcible lewd acts, including touching and digital and anal penetration), the People argued the court should impose an additional consecutive term of 15 years to life either as a mandatory sentence under section 667.6, subdivision (d) (because the acts were committed on a separate occasion) or a discretionary sentence under section 667.6, subdivision (c). Jimenez argued the court should impose concurrent terms on counts 1 through 3 because the underlying acts did not take place on separate occasions.

---

and the court construed the verdict form to reflect a conviction under section 269, subdivision (a)(4). (See *People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1256.)

At the June 11, 2024 sentencing hearing, the parties submitted on their briefs.  The trial court stated it had considered the parties' sentencing memoranda, witness testimony, and factors in aggravation and mitigation under California Rules of Court, rules 4.421 and 4.423.  On count 1 for violation of section 269, subdivision (a)(4), the court imposed a term of 15 years to life as the base term.  On count 2 for violation of section 269, subdivision (a)(1), the court imposed a consecutive term of 15 years to life, stating "[t]hat is required to be consecutive."  On count 3 for violation of section 288, subdivision (b)(1), the court imposed a consecutive term of 15 years to life under section 667.61, subdivisions (b) and (e), based on the true finding on the special allegation for personal use of a knife, stating "[t]hat is consecutive" (with no further explanation).  On counts 4 and 7, the court imposed the upper terms of 16 and 11 years, respectively.[4]  The court stated it was imposing consecutive terms under section 667.6, subdivision (d), because "the crime[s] . . . involved the same victim on a separate occasion."  The court imposed concurrent middle terms of two years on counts 5 and 6.  The court sentenced Jimenez to an aggregate sentence of 72 years to life.

Jimenez timely appealed.

---

[4]     In imposing the upper terms on counts 4 and 7, the trial court noted the jury found true two aggravating factors under California Rules of Court, rule 4.421(a).  The court also noted Jimenez's lack of a prior record as a mitigating factor.  (*Id.*, rule 4.423(b)(1).)

# DISCUSSION

A. *Governing Law and Standard of Review*

Section 669, subdivision (a), provides that when a person is convicted of two or more crimes, the trial court must determine "whether the terms of imprisonment . . . shall run concurrently or consecutively." "For certain sex offenses, . . . the Penal Code establishes . . . alternative sentencing frameworks," including section 667.6. (*People v. Catarino* (2023) 14 Cal.5th 748, 752.) Under section 667.6, subdivision (c), "a full, separate, and consecutive term *may* be imposed for each violation of an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion." (Italics added.) Section 667.6, subdivision (d)(1), provides a "full, separate, and consecutive term *shall* be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions." (Italics added.) As we will discuss, it is a reasonable inference that the trial court sentenced Jimenez under section 667.6, subdivision (d), for his convictions under section 269, subdivision (a)(4) (count 1) and (a)(1) (count 2). Although section 269 is not listed in section 667.6, subdivision (e), section 269, subdivision (c), provides "[t]he court shall impose a consecutive sentence for each offense that results in a conviction on this section if the crimes . . . involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6."

The one strike law in section 667.61 provides an alternative sentencing scheme for certain forcible sex offenses and "'mandates an indeterminate sentence of 15 or 25 years to life in prison when the jury has convicted the defendant of a specified

7

felony sex crime [citation] and has also found certain factual allegations to be true.'" (*People v. Carbajal* (2013) 56 Cal.4th 521, 534.)  Section 667.61, subdivision (c), lists the qualifying offenses, including in subdivision (c)(4), a "[l]ewd or lascivious act, in violation of subdivision (b) of Section 288."  Section 667.61, subdivision (e)(3), provides as a qualifying special circumstance that "[t]he defendant personally used a dangerous or deadly weapon or a firearm in the commission of the present offense."  This sentencing provision applied to count 3 because Jimenez was convicted of a qualifying offense (lewd or lascivious acts under section 288) with a qualifying special circumstance (use of a knife).  Under section 667.61, subdivision (i), for qualifying offenses listed in subdivision (c), "the court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve . . . the same victim on separate occasions as defined in subdivision (d) of Section 667.6."

"In determining whether crimes against a single victim were committed on separate occasions under [section 667.6, subdivision (d)], the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon the defendant's actions and nevertheless resumed sexually assaultive behavior.  Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned the opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions." (§ 667.6, subd. (d)(2).)  Further, a finding that a defendant committed sex crimes on separate occasions does not require there be "a break of any specific duration or any change in physical location." (*People*

*v. Jones* (2001) 25 Cal.4th 98, 104; accord, *People v. King* (2010) 183 Cal.App.4th 1281, 1325.)

"In applying this standard, courts have held . . . the offenses of placing a finger in the victim's vagina, kissing her genitals and then placing his penis in her vagina were but a single occasion." (*People v. Dearborne* (2019) 34 Cal.App.5th 250, 265-266, citing *People v. Corona* (1988) 206 Cal.App.3d 13, 15-16, 17-18.) "In contrast, where the offenses are interrupted by the defendant's nonsexual activity," courts have found "they occur on a separate occasion." (*Dearborne*, at p. 266 [citing cases]; see *Corona*, at pp. 17-18.)

""""Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court."""" (*People v. Salazar* (2023) 15 Cal.5th 416, 424; accord, *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) "'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'" (*Gutierrez*, at p 1391; accord, *Salazar*, at p. 419.)

When a trial court imposes consecutive sentences based on a finding under section 667.6, subdivision (d), we may reverse only if there is no substantial evidence that the offenses were committed on separate occasions, that is, "'only if no reasonable trier of fact could have decided the defendant had a reasonable opportunity for reflection after completing an offense before

9

resuming his assaultive behavior.'" (*People v. King* (2010) 183 Cal.App.4th 1281, 1325; accord, *People v. Garza* (2003) 107 Cal.App.4th 1081, 1092.)

B.    *Remand Is Required for the Trial Court To Resentence Jimenez on Counts 1 through 3*

Jimenez contends the trial court did not understand it had discretion to impose concurrent sentences on counts 1 through 3, and further, substantial evidence did not support a finding that counts 1 through 3 occurred on separate occasions, as defined under section 667.6, subdivision (d), for purposes of imposing consecutive sentences under sections 269, subdivision (c), and 667.61, subdivision (i). We agree with Jimenez's second contention.

The trial court was aware of its discretion. "'The general rule is that a trial court is presumed to have been aware of and followed the applicable law.'" (*People v. Shiga* (2016) 6 Cal.App.5th 22, 40; accord, *People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.) As discussed, the parties' sentencing memoranda made clear the court had discretion to impose concurrent or consecutive sentences if it determined that Jimenez's acts on counts 1 through 3 did not occur on separate occasions. At the sentencing hearing, the court stated it reviewed these memoranda. Further, in sentencing Jimenez on counts 4 and 7, the court addressed whether those crimes "involved the same victim on a separate occasion" under section 667.6, subdivision (d) (finding they did), and as to counts 5 and 6, the court imposed concurrent sentences. In addition, with respect to counts 1 and 2, we imply a finding that the court, in stating it

was "required" to impose consecutive terms, determined that counts 1 and 2 occurred on separate occasions.

The trial court's implied finding as to counts 1 (for oral copulation) and 2 (for rape) is supported by substantial evidence. Jimenez raped M.C. before A.C. woke up, turned on the bedroom lights, and went to the bathroom. During the period while A.C. was in the bathroom, Jimenez stopped sexually assaulting M.C., got off her, and lay next to her on the bed. After A.C. returned and turned off the lights, Jimenez "waited for a few minutes" before continuing to assault M.C., including orally copulating her. On these facts, a reasonable trier of fact could have concluded that Jimenez had a reasonable opportunity to reflect on his actions while A.C. was in the bathroom, before Jimenez again sexually assaulted M.C. (See *People v. King, supra*, 183 Cal.App.4th at p. 1325 [affirming separate occasion finding where defendant "momentarily paused to look around" between separate instances of digitally penetrating a victim]; *People v. Corona, supra*, 206 Cal.App.3d at pp. 17-18 [second rape of victim in a car was on separate occasion where defendant raped victim, left the car for five minutes, then raped her again].)

With respect to count 3, however, the Attorney General concedes that the acts constituting forcible lewd acts necessarily occurred on the same occasion as the rape charged in count 2. In her closing argument and sentencing memorandum, the prosecutor argued Jimenez's touching, anal penetration, and digital penetration of M.C. were forcible lewd acts supporting count 3, all of which, along with use of the knife alleged as to count 3, occurred during the same sequence of events as the rape,

11

that is, before A.C. woke up and went to the bathroom.[5] Accordingly, section 667.61, subdivision (i), requiring consecutive sentences for acts occurring on separate occasions (as defined in section 667.6, subdivision (d)) did not apply.

The Attorney General argues we nevertheless should affirm because the trial court, in imposing a consecutive sentence on count 3, properly exercised its discretion under section 667.6, subdivision (c). Sections 667.6, subdivision (c), applies to sentencing for a lewd or lascivious act under section 288, subdivision (b), because the offense is listed as a qualifying offense in section 667.6, subdivision (e)(5). Jimenez does not dispute that the court had discretion to impose a consecutive term on count 3 under section 667.6, subdivision (c), instead arguing it was not required to do so.

Regardless of whether section 667.6, subdivision (c), applies to sentencing for a one strike offense under section 667.61 (which is not clear), under section 669, "[a] trial court has discretion to impose concurrent or consecutive sentences when a defendant is convicted of multiple crimes with indeterminate sentences." (*People v. Midell* (2025) 113 Cal.App.5th 1060, 1085; accord, *People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262; see § 669, subd. (a) ["Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another, with any term imposed for applicable enhancements, or with any

---

[5] The Attorney General notes that the touching and digital penetration after A.C. returned from the bathroom could have constituted forcible lewd acts to support count 3. But, as the Attorney General concedes, even if count 3 was based on acts occurring after the bathroom interruption, they would have occurred on the same occasion as count 1 (oral copulation).

12

other term of imprisonment for a felony conviction." In exercising its discretion whether to impose concurrent or consecutive indeterminate sentences, courts should consider the factors in California Rules of Court, rule 4.425(a). (*Midell*, at p. 1085; *Rodriguez*, at p. 1262 ["In exercising its discretion whether to impose concurrent or consecutive terms, a trial court should consider the factors set forth in California Rules of Court, rule 4.425."]; see *People v. Osband* (1996) 13 Cal.4th 622, 729 ["'It is well settled that in making sentencing choices pursuant to section 667.6, subdivision (c), . . . the trial court must state a reason for imposing a consecutive sentence in deciding whether to impose a consecutive or concurrent sentence.'"]; Cal. Rules of Court, rule 4.425 ["[f]actors affecting concurrent or consecutive sentences"].)

The Attorney General contends the trial court stated its reasons for imposing a consecutive sentence on count 3 because the court identified five aggravating factors set forth in California Rules of Court, rule 4.421(a), two of which the jury found true with respect to counts 4 through 7 (that Jimenez took advantage of a position of trust or confidence and M.C. was vulnerable). However, the court listed the aggravating factors before it sentenced Jimenez on each count, and it did not reference the aggravating factors in stating as to count 3 that the 15-years-to-life term "is consecutive." The court did not cite the aggravating factors again until it sentenced Jimenez on count 4, finding the aggravating factors supported imposition of the upper term.

In the absence of a statement of reasons—or any reasoning for imposing a consecutive sentence on count 3—we cannot tell whether the trial court was exercising its discretion to impose a consecutive sentence. We therefore reverse the sentence and

13

remand for a full resentencing.[6]  On remand, the trial court must provide a statement of reasons for imposing consecutive or concurrent sentences on counts 1, 2, and 3, in addition to the reasons for its sentencing on the remaining counts, including its basis for any finding that certain acts were committed on separate occasions.

## DISPOSITION

The convictions are affirmed.  We vacate the sentence and remand for a full resentencing consistent with sections 269, subdivision (c), 667.6, subdivisions (c) and (d), and 667.61, subdivision (i).


FEUER, J.

We concur:


SEGAL, Acting P. J.


STONE, J.

---

[6]    Although we imply a finding by the trial court that the acts supporting counts 1 and 2 occurred on separate occasions, and that substantial evidence supports that finding, because we are remanding for a full resentencing, the court must determine in the first instance whether to impose consecutive or concurrent terms on those counts (and explain its decision).